# WHEELING.

HOULT *v.* DONAHUE.

Submitted June 19, 1882— Decided March 24, 1883.

(*WOODS, JUDGE, Absent.)

1. A., having the equitable title to a tract of land, executed a trust deed thereon to secure a debt to B. which was duly recorded; subsequently A. sold said land for a valuable consideration to C., and by direction of A., the person holding the legal title, conveyed said land by deed directly to C., who had no actual notice or knowledge of said trust deed to secure B. until after he had acquired the legal title to the land and had his deed recorded. HELD:

   That, under the first provision of section 10 of chapter 74 of the Code, the record of said trust deed did not operate as constructive notice to C., and he was not affected by such record, he not having derived his title from A., who executed said trust deed, within the meaning of said statute. (p. 299.)

2. A purchaser of land for a valuable consideration, without notice of a prior equitable right, obtaining the legal title at the time of his purchase, or before he has notice of such prior equity, is, in a court of equity as well as at law, entitled to priority according to the maxim, "where equities are equal the law shall prevail." (p. 300.)

Appeal from and *supersedeas* to a decree of the circuit court

---

*Cause submitted before Judge W. took his seat on the bench.

of the county of Doddridge rendered on the 27th day of July, 1881, in a cause in said court then pending, wherein A. E. Hoult and others were plaintiffs, and Michael Donahue and others were defendants, allowed upon the petition of said plaintiffs.

Hon. Thomas J. Stealey, judge of the fourth judicial circuit, rendered the decree appealed from.

SNYDER, JUDGE, furnishes the following statement of the case :

Under a decree of the circuit court of Lewis county, Edwin Maxwell as commissioner of said court, on 26th day of February, 1855, sold to Daniel Sherwood a tract of about one hundred acres of land, lying on the waters of Middle Island creek in Doddrige county, at the price of three hundred and seventy-four dollars, on a credit of six, twelve and eighteen months; that on September 1, 1855, said sale was confirmed by a decree of said court and said Commissioner Maxwell directed to collect the purchase-money and make a deed to the purchaser when the same should be paid; that on the day of said sale A. E. and Wm. E. Hoult, by verbal contract, purchased from said Sherwood twenty-two and one half acres, part of said one hundred acres of land, and soon after were placed in possession thereof and have held and occupied the same ever since under said purchase; that by written contract, dated May 3, 1873, the said Sherwood acknowledged the payment of the purchase-money by said Hoults for said twenty-two and one half acres and bound himself to make to them a deed therefor, with general warranty, as soon as he could procure a deed for said one hundred acres from said Commissioner Maxwell; that on the 24th day of April, 1862, the said Daniel Sherwood, by written contract of that date, admitted that he had sold to Samuel T. Sherwood fifteen and one half acres, also part of said one hundred acres, that the purchase-money therefor had all been paid except fifty dollars, which was to be paid in six and twelve months, and he bound himself to make to said Samuel T. for said fifteen and one half acres a deed, with general warranty, as soon as said fifty

dollars should be paid; that said Samuel T. was at the date of said contract placed in possession of said fifteen and one half acres and he has held and occupied the same ever since; that subsequently, by written contract, dated April 5, 1875, the said Daniel sold to said Samuel T. twenty-two acres, another part of said one hundred acres, at the price of three hundred dollars, of which two hundred dollars was paid at the time, and the said Samuel T. was then placed in possession and has ever since held and occupied said twenty-two acres; that in the winter or spring of 1876, the said Samuel T., discovering that the said Daniel had failed to pay a large part of the original purchase-money for said one hundred acres and that no deed had been or could be made to him therefor until said original purchase-money should be fully paid, paid to Commissioner Maxwell for said Daniel two hundred and one dollars and seventy-five cents for which the said Daniel agreed to have said commissioner convey to him, the said said Samuel T., about twenty-seven acres of said one hundred acres in addition to that theretofore purchased by him, making the whole quantity purchased by said Samuel T. sixty-four acres; that, by direction of said Daniel and a memorandum filed in the cause aforesaid a decree was entered therein, June 19, 1876, directing the said Commissioner Maxwell that, instead of conveying said one hundred acres to said Daniel, he should execute and deliver deeds therefor as follows: To said Samuel T. Sherwood for sixty-four acres, to A. E. Hoult for twenty-two and one half acres and to Elizabeth Davis for twelve and one half acres; that by virtue of said decree said commissioner did, by separate deeds, convey to said Samuel T. sixty-four acres and to said A. E. Hoult twenty-two and one half acres of said one hundred acres of land; that each of said deeds is dated in February, 1877, and was duly recorded in Doddridge county in March, 1877.

In the meantime said Daniel had, on the 29th of March, 1869, executed a trust-deed on said one hundred acres of land, and also on another tract of one hundred acres on which he resided in said Doddridge county, to Michael Donahue trustee to secure a debt of five hundred dollars due from him to C. J. Stuart which deed was duly recorded

in said county January 10, 1870; and, on January 8, 1870, he executed another trust-deed upon the said tract upon which he resided to F. D. Hickman trustee, to secure a debt of one thousand and fifty-seven dollars and twenty-four cents, to Floyd Neely which was duly recorded in said county November 12, 1870; that prior to February 27, 1876, the said Hickman as trustee sold said last mentioned tract under the trust-deed to him and B. H. Maulsby purchased the same, and the said trustee by deed, dated February 29, 1876, conveyed the said one hundred acres, last referred to, to B. H. Maulsby, which deed was recorded in said county July 6, 1876 ; that afterwards, being required by the said C. J. Stuart, the said Donahue as trustee gave notice that he would, on April 19, 1880, under the aforesaid trust-deed executed to him, sell both the said tracts of one hundred acres each, therein conveyed, to satisfy the debt of said Stuart; that thereupon the said A. E. and Wm. E. Hoult and Samuel T. Sherwood filed this bill against the said Donahue trustee, C. J. Stuart, Daniel Sherwood and B. H. Maulsby, and obtained from the judge of the circuit court of Doddridge county on April 19, 1880, an injunction restraining the said Donahue trustee and all others from selling their said sixty-four and twenty-two and one half acres of land conveyed to them as aforesaid until the further order of said court.  The defendants Stuart and Maulsby answered said bill, and the depositions of the plaintiffs, A. E. Hoult and Samuel T. Sherwood, were taken and they each positively deny that they, or either of them, or the said Wm. Hoult, had any notice whatever of the trust-deeds executed to secure the debts of Stuart and Neely as aforesaid, or either of them, or of any claim of the said Maulsby to said land, until after the deeds aforesaid had been executed to them by said Commissioner Maxwell for the twenty-two and one half and sixty-four acres of land aforesaid.   And no attempt was made by the defendants to prove that they, or either of them, had such notice prior to the time they respectively acquired the legal title to said twenty-two and one half and sixty-four acres of land.

The cause having been matured, and coming on to be finally heard, the court, by a decree entered on the 27th July, 1881, dissolved the plaintiffs' injunction in all respects except

as to the fifteen and one-half acres of land first purchased by the plaintiff, Samuel T. Sherwood, the defendants, declining to ask for a dissolution of the injunction as to said fifteen and one-half acres. From this decree the plaintiffs obtained an appeal to this Court.

*John Bassel* for appellants cited the following authorities: *Doswell* v. *Buchanan*, 3 Leigh; 5 Leigh 627; Sher. Subrogation §§ 3, 28, 30, 34, 35; 16 W. Va. 791.

*Edwin Maxwell* for appellee, Maulsby, cited the following authorities: 3 Leigh 365; Code pp. 474, 475, §§ 4, 5, 10; 2 Lead. Cas. Eq. 203, 204; 2 Gratt. 280.

SNYDER, JUDGE, announced the opinion of the Court:

The circuit court having declined to dissolve the injunction as to the fifteen and one half acres first purchased by the appellant, Samuel T. Sherwood, the controversy in this Court is narrowed to the remaining forty-eight and one half acres of the sixty-four acres of said appellant and the twenty-two and one half acres of the appellants, W. E. & A. E. Hoult. The Hoults acquired a complete equitable title to the said twenty-two and one-half acres before any equity in favor of any of the appellees attached to the land, and in that regard they are in a better situation than the appellant, Samuel T. Sherwood, who acquired both the equitable and legal title to his forty-eight and one half acres after the equities of the appellees had attached. The legal title to the twenty-two and one half acres was conferred on the Hoults after the trust deeds were executed in favor of the appellees. If, however, the title of the appellant, Samuel T. Sherwood, to the said forty-eight and one half acres is paramount to the claims of the appellees, Stuart and Maulsby, then it follows necessarily that the title of the Hoults to said twenty-two and one half acres must, also, be superior to said claims.

I do not deem it necessary to refer to the fact that, at least, a part of the purchase-money for the said forty-eight and one half acres was paid to Commissioner Maxwell in discharge of the lien on the land for the original purchase, because in my opinion the case may be disposed of without such reference.

"A purchaser shall not, under this chapter, or chapter 75, be affected by the record of a deed or contract made by a person under whom his title is not derived, nor by the record of deed or contract made by any person before the date of a deed or contract made to or with such person, which is duly admitted to record, and from which the title of such person is derived." Section 10 chapter 74, Code, p. 475.

This provision of the code was first introduced in the revision of 1849, and in a note by the revisors it appears that the first part of the section was adopted to carry into effect the views of Chancellor Kent in *Murray* v. *Ballou*, 1 Johns. Ch. 574, that a purchaser is not required to take notice of a record by a person under whom his title is not derived. And the second part was framed to settle the doctrine of constructive notice affirmed by a divided court in *Doswell* v. *Buchanan*, 3 Leigh 365.

In *Doswell* v. *Buchanan*, a person in possession of lands, to which he had an equitable title, made a deed of trust upon it which was recorded. Afterwards such person acquired the legal title, and then conveyed the land to a purchaser for valuable consideration, who had no knowledge of the trust deed. It was held, that the subsequent purchaser took the land unaffected by the trust deed.

The case at bar, however, comes within the rule laid down in *Murray* v. *Ballou*, *supra*, and declared in the first part of the section of the statute, that "a purchaser shall not be affected *by the record of a deed* or contract made *by a person under whom his title is not derived.*" The word "title" here used, being without qualification necessarily means a complete or legal title. Thus the title of the appellant, Samuel T. Sherwood, to the said forty-eight and one half acres was derived from Commissioner Maxwell, while the trust deeds were made by Daniel Sherwood. Consequently, said trust deeds having been made by a person under whom the title of said appellant to the forty-eight and one half acres is not derived, the record of said deeds, by the terms of the statute, cannot affect the title of said appellant to said land, and his title thereto must be defeated by the appellees, if at all, upon the general principles of equity unaffected by the recording of said deeds.

It is well settled that a purchaser for a valuable consideration, without notice of a prior equitable right, obtaining the legal estate or title at the time of his purchase, or before he has notice of such prior equity, will be entitled to priority in equity, as well as at law, according to the maxim, "where equities are equal the law shall prevail." *Basset* v. *Nosworthy*, 2 Lead. Cas. Eq. 1; *Warner* v. *Winslow*, 1 Sandf. Ch. 430.

While on the one hand, notice of a prior equity, given at any time before the completion of the purchase, will invalidate all steps which may be taken to complete it (*Murray* v. *Finster*, 2 Johns. Chy. 155; *Wormly* v. *Wormly*, 8 Wheat. 421), yet on the other, when it is once completed, and the character of a *bona fide* purchaser acquired, notice will not be a bar to any future steps, necessary for protecting and securing what has been purchased. He who buys an equitable title in ignorance of its nature, and under the belief that he is getting a good legal title, may, therefore, protect himself, by getting in the legal title, even where the effect is wholly to exclude equities prior to his own. *Baggarly* v. *Gaither*, 2 Jones Eq. 80; *Boone* v. *Chiles*, 10 Pet. 177; *Williamson* v. *Gordon*, 5 Munf. 257; *The Mutual Asso. So.* v. *Stone*, 3 Leigh 218; *Cox* v. *Romaine*, 9 Gratt. 27; *Bayley* v. *Greenleaf*, 7 Wheat. 46; *Camden* v. *Harris*, 15 W. Va. 554.

In the case before us the appellant, Samuel T. Sherwood, was not only a complete purchaser by having paid the purchase money and been placed in possession of the land, but he had also acquired the legal title before notice of the equities or claims of the appellees. Therefore, under the least favorable view of the doctrine of equity relating to *bona fide* purchasers, his title to the said forty-eight and one half acres of land must prevail over the equities of the appellees, Stuart and Maulsby. And his title being paramount to that of the said appellees, and the appellants, W. E. and A. E. Hoult, having an equally valid legal title to the twenty-two and one half acres and an equity anterior to that of the appellees, their title to said twenty-two and one half acres is, of course, superior to and must also prevail over that of said appellees.

I am, therefore, of opinion that the circuit court erred in dissolving the plaintiffs' injunction as to any part of the sixty-four acres of the appellant, Samuel T. Sherwood, or the

twenty-two and one half acres of the said A. E. and W. E. Hoult, and for this error the decree of said court, of July 27, 1881, must be reversed with cost to the appellants against the appellees, other than Michael Donahue, trustee. And this Court, proceeding to pronounce such decree as said circuit court should have entered, doth order and decree, that the injunction awarded to the plaintiffs on the 19th day of April, 1881, be made perpetual and that the defendants, other than Michael Donahue, trustee, pay to the plaintiffs their costs in the said circuit court expended.

JUDGES JOHNSON AND GREEN CONCURRED.

DECREE REVERSED.

# WHEELING.

