St. Louis, Iron Mountain & Southern Railway Company *v.*
Hall.

### Opinion delivered March 21, 1903.

1. Evidence—Opinion as to Damages.—A witness should not be per-
   mitted to estimate the amount of damages which a party has sus-
   tained by the doing or not doing of a particular act, but should
   state the facts from which the jury may find such amount. (Page
   303.)

2. Statute of Frauds—Pleading.—The statute of frauds cannot be
   availed of unless pleaded. (Page 304.)

3. Same—Who May Plead.—A railroad company, sued by a lessee
   for injury to leased premises, cannot plead that the lease was
   within the statute of frauds. (Page 304.)

4. Estate—Tenancy at Will.—A husband, having verbal permission
   from his wife to fence her land and use it as a meadow as long
   as he wished, is a tenant at will. (Page 304.)

5. Damages—Estate at Will.—A railroad company is liable to a
   tenant at will of a meadow for the wrongful burning of the grass
   standing thereon, the measure of damage being the difference
   between the usable value of the land before and after the grass was
   burned. (Page 304.)

Appeal from Pope Circuit Court.

William L. Moose, Judge.

Reversed.

#### STATEMENT BY THE COURT.

The appellee sued the appellant for $200, the alleged value of
grass upon thirty-three acres of land standing thereon, alleged in
his complaint to have been destroyed by fire started by a spark from

a defective engine drawing an excursion train, going in an easterly direction over the track of the railway of appellant, on the 22d day of August, 1899, in the county of Pope in the state of Arkansas.

The appellant answered the complaint, and specifically denied each allegation in the complaint.

The appellee, W. C. Hall, testified in his own behalf that he did not see the fire start; that he had the permission of his wife, who owned the land on which the grass was, and which was about thirty-five acres, to fence the land and use it for a meadow; that it was covered with ordinary wild grass and wild clover, which he intended to mow; that there were weeds upon the knolls, and he thought that he could have got twenty-five or thirty tons of hay off the field. He thought he was damaged at least $200 by the fire burning the grass. He says that he had no contract with his wife about the meadow: "I told her," he testified, "that I wanted to make a meadow out of the land, and she said: 'All right; take it and fence it, and have it for your own use as long as you want it.'" He was asked: "How much were you damaged by that fire?" Answer: "I was damaged at least $200." Question: "How many cattle could you have got to pasture on that place, had it not been burned off?" Answer: "Fifty head."

J. B. Evans was allowed to testify as follows: Question: "What would it have been worth for pasturage?" Answer: "Sixty-five or seventy-five dollars; not less than that."

All this was over the objection of the defendant, to which it excepted.

*Lovick P. Miles* and *Dodge & Johnson,* for appellant.

The grass being a part of the realty, no transfer of it would be valid unless made in compliance with the statute of frauds. See Sand. & H . Dig. § 3469. At most, a leasehold interest for one year could be granted by parol. *Id.* § 3478. It was error to allow witnesses to estimate the damages. 47 Ark. 501; Lawson, Exp. & Opinion Ev. 448; 67 Ark. 375; 24 Ark. 251; 62 Ark. 510; 59 Ark. 110; 51 Ark. 328; 21 S. W. 81; *Id.* 607; 31 S. W. 412; 67 Tex. 241; 85 Tex. 593; 56 N. W. 200; 14 Neb. 463; s. c. 16 N. W. 747; 17 Wend. 161; 1 Suth. Dam. 94; 1 C. C. A. 448.

HUGHES, J., (after stating the facts). Generally, "a witness is never permitted to estimate the amount of the damage for the doing or not doing of a particular act which a party has sustained thereby." This is the province of the jury, and a witness can not

be allowed to usurp it. *Little Rock, M. R. & T. Ry.* v. *Haynes,* 47 Ark. 501. The rule generally is that a witness should state facts, and the jury should find from the facts in evidence what the damages are, if any. *St. Louis, I. M. & S. Ry. Co.* v. *Ayres,* 67 Ark. 375; Sedgwick, Damages, § 1293; *Railway Company* v. *Jones,* 59 Ark. 110; Lawson, Expert and Opinion Evidence, p. 448.

The appellant contends that the plaintiff's claim is within the statute of frauds. But the statute was not pleaded, and, had it been, could not have availed the defendant. "A third party can not, in a case where his own obligations growing out of the existence of the contract in question are concerned, deny the obligation of the contract upon the party who was to be charged thereby, or take any benefit of the protection upon it against himself." Browne, Statute of Frauds, § 135.

What right had the plaintiff to sue? He was a tenant at will. Though four months over one year had elapsed from the time he took possession of the land under the verbal permission of his wife, she, who owned the land, still permitted him to remain in possession; at least, she had not interfered with him, or demanded possession of him. Had he planted a crop, he might have been tenant for the second year or tenant from year to year. But he had planted no crop. He had fenced the land, and was in possession under the original verbal permission of his wife, which had not been revoked. We think he had the right, being thus in possession, to cut the grass on the land.

If any permanent injury resulted to the freehold from the burning of the grass, the wife was damaged, and had the right to sue. But the wrongful destruction of the grass, which was uncut and standing on the land, was a damage to the plaintiff, for which he might maintain an action.

The measure of his damage was the difference between the usable value of the land before and after the grass was burned down to the time of the trial.

"If a stranger cuts trees, the tenant at will shall have an action, as shall also the lessor, regard being had to their several losses. Co. Litt. 57 a, quoted in *Hayward* v. *Sedgley,* 31 Am. Dec. 64. See *Foley* v. *Wyeth,* 79 Am. Dec. 771.

"One having only a possessory right to land may recover for an injury to his use and enjoyment of it, but not for a permanent injury to the property." *Seely* v. *Alden,* 6 Pa. St. 302.

In Sedgwick on Damages, § 69, it is said: "Any one having an interest in land is liable to suffer injury in respect to his right; and accordingly, if his right, however limited it be, is injured, he may recover compensation equal to his individual loss. The general rule may be said to be that the extent of the injury to the plaintiff's proprietary right, whatever it may be, furnishes the measure of damages. The owner of a freehold may recover for an injury which permanently depreciates his property, while a tenant, or one having only a possessory right, may recover for an injury to the use and enjoyment of that right."

For the error in the admission of the improper opinion evidence in regard to plaintiff's damages above referred to, the judgment is reversed, and the cause is remanded for a new trial.

BATTLE, J., did not participate.