### WILLIAMS *v.* NEIGHBORS.

#### Opinion delivered April 7. 1913.

SPECIFIC PERFORMANCE—PAROL CONTRACT.—Where, defendant agreed orally to deed property to plaintiff for a nominal money consideration, and plaintiff's agreement to erect a store thereon, plaintiff is entitled to a specific performance of the contract, when he erected a store on the property, even though he sold out the business at the end of seven months.

Appeal from Randolph Chancery Court; *G. T. Humphries,* Chancellor; affirmed.

*W. A. Cunningham,* for appellant.

The proof fails to show that there was in fact a meeting of the minds of the parties. Before a court is authorized to decree a specific performance of a contract, there must have been a contract, and the proof of the contract must be clear and unambiguous. 63 Ark. 100.

*S. A. D. Eaton,* for appellee.

Appellant admits that he promised to make appellee a deed, and that on the faith of this promise, the latter went into possession and made valuable improvements. This was a sufficient consideration to justify the decree. 32 Ark. 97; 63 Ark. 100; 82 Ark. 45; Pomeroy, Spec. Performance, Con. 130.

McCulloch, C. J. Appellant, James Williams, owned a quarter section of land in Randolph County, Arkansas, on which was situated a small frame storehouse, leased to one Presley, who subleased it to the appellee, L. F. Neighbors. There is a postoffice or village there called Hamil, at which there were two stores, one of which was the building on appellant's land. The building was destroyed by fire about the middle of December, 1910, while it was occupied by appellee as a storehouse. Appellant proposed to convey a quarter of an acre of the land, described as lying in a square in a certain corner of said quarter section, to appellee as a site for a new store building, and the latter accepted the offer and proceeded at once to erect a frame building at a cost of $150.00, which he afterward occupied as a store until he sold out to another person seven or eight months later.

Appellee instituted this action in the chancery court of Randolph County against appellant to require specific performance of the alleged agreement to convey the said quarter of an acre of land. He alleged in his complaint, and testified, that appellant entered into an oral agreement with him to sell him the said tract of land for a consideration of $3.00 and the cost of the preparation and

execution of the deed, and that pursuant to said oral agreement he entered into possession with appellant's consent and built the storehouse.

It is undisputed that appellant agreed to convey the land in question to appellee, but the former denies that it was a sale outright and claims that he let the appellee into possession of the land and agreed that he would make him a deed in order to induce him to carry on the business there, so that there would be more than one store at that place. Appellee admits that the construction of the storehouse there was of interest to appellant, and was a part of the inducement for the trade, but he denies that the sale was conditional or that he was not to have the deed if he sold out. Both parties gave their depositions and offered other testimony to support their respective contentions.

The chancellor found for appellee and decreed specific performance.

After a careful consideration of all the testimony in the record we are of the opinion that the finding of the chancellor is sustained by the evidence, and that appellee is entitled to specific performance of the agreement.

It appears that the real value of the quarter of an acre of land is very small, but that the price named by appellee, $3.00 an acre, was not the full value and that the proposal to erect the storehouse was a part of the inducement for the sale. But the testimony, even that of appellant himself, does not show that the sale was conditional upon appellee's carrying on the business there. There is nothing to indicate that the trade was not made by appellee in perfect good faith with intention to operate the business there for an indefinite length of time. It is true that he sold out his business seven or eight months later; but he had a right to do this, as there was no stipulation against it in his agreement with appellant.

Even if we treat the amount to be paid for the land merely as a nominal consideration and the proposed conveyance merely as a donation, still, appellee is entitled to a specific performance because of the fact that, pursuant

to the donation, he entered into possession of the land and made valuable improvements thereon upon the faith cordance with the proposal. *Guynn* v. *McCauley,* 32 Ark. 97; *Meigs* v. *Morris,* 63 Ark. 100; *Young* v. *Crawford,* 82 Ark. 33.

Considering the testimony as a whole, we are convinced that the decree of the chancellor is correct and the same is affirmed.