CAUSEY *v*. WOLFE, ADMINISTRATOR.

Opinion delivered June 24, 1918.

1. TITLE—FEE SIMPLE—DECREE OF COURT.—One C. held to have a fee simple title in certain lands by virtue of a decree of court, based upon a gift, and actual possession, with the making of valuable improvements.

2. GIFT OF LAND—FEE SIMPLE TITLE.—A promise to give land and make a deed therefor is a promise to convey the grantor's whole estate and not merely a life estate.

3. TITLE—DEFINITION.—"Title" in the law of real estate means the "fee," and nothing less.

4. JUDGMENTS—EFFECT UPON CHILDREN OF LITIGANT NOT YET IN ESSE
—TITLE TO LAND.—One C. acquired title to certain lands by gift
from his uncle. In an action to perfect his title, it was decreed
that he had a fee simple estate in the lands. *Held*, this decree was
binding upon his heirs, although at the time of the rendition of
the decree they were not *in esse*.

5. WASTE—BY LIFE TENANT—REMOVING TIMBER.—A life tenant
who removed all the timber from the estate held liable to the
remaindermen, under the testimony, for one-fourth of the actual
value of the timber taken, and in this case *held* that one-fourth
of the timber should have been left to supply the necessary upkeep
of the farm.

Appeal from Desha Chancery Court; *Z. T. Wood,*
Chancellor; affirmed.

*R. W. Wilson,* for appellants.

1. Eugene A. Causey only took a life estate in the
lands in section 16, remainder to his heirs, the plain-
tiffs. Kirby's Digest, § 735; 116 Ark. 233; 67 *Id.* 517;
75 *Id.* 19; 95 *Id.* 18; 98 *Id.* 570. Neither the life tenant
nor any court could defeat the rights of the remainder-
men. The life tenant could not convey to Tillar more
than a life estate. 116 Ark. 233; 117 *Id.* 170-1.

The whole will must be so construed as to give
effect to it as a whole and carry out the intention of the
testator. 116 Ark. 574. The decree in *Causey* v. *Wil-
liams* only corrected an erroneous description of the
lands and could reform a will. 40 Cyc. 111; 86 Ark. 8.

No conveyance by a life tenant could affect the in-
terest of the remaindermen. 49 Ark. 125; 117 *Id.* 370;
116 *Id.* 324.

2. Appellee's grantor was barred by the statute
of limitations in *Causey* v. *Williams.* Kirby's Digest,
§ 8029.

3. Appellees are estopped by the acts of their gran-
tor from claiming any interest except a life estate under
the will. A gift was made to him and he was put in pos-
session and made improvements and Adair promised to
bequeath the property to him by will which he did. 94
Ark. 191; 109 *Id.* 500.

4. There was error in the court's findings as to the damages sustained. 63 Ark. 75; 95 *Id.* 18; *Ib.* 246. See also, 102 *Id.* 42; 66 Am. Dec. 773. At least $5,000 damages should be allowed for cutting all the usable timber. 129 Ark. 245.

5. That part of the decree in *Causey* v. *Williams* vesting title in fee is void. 62 Ark. 443; 81 *Id.* 462; 56 *Id.* 399; 58 *Id.* 181. 16 Cyc. 479-480. It is not a bar nor *res adjudicata.* 107 Ark. 38; 82 *Id.* 131; 105 *Id.* 86; 96 *Id.* 454; 66 *Id.* 307.

*F. M. Rogers, J. G. Williamson* and *Robert C. Knox,* for appellees.

1. There was no error in decreeing to the widow and heir of Tillar the fee simple title to the land. He gave Causey the land, placed him in possession and told him to clear and improve it and that he would *complete a title* in his will. A *title* means a fee simple estate. 23 Barb. 370-381; 21 Fed. 615-617; 19 Pac. 526; 9 Ala. 252; 65 Oh. St. 17; 21 W. Va. 294-9. Causey took possession and made valuable improvements and this took the gift out of the statute of frauds. 107 Ark. 473; 82 *Id.* 33.

2. The decree in *Causey* v. *Williams* vested a fee simple title. 102 Ark. 30.

3. Under the will Causey took a fee simple title, as he had no "heirs of his body lawfully begotten." 16 Cyc. 655; 98 Ark. 570; 3 *Id.* 147; 23 *Id.* 387.

4. The former adjudication is *res adjudicata.* 16 Cyc. 31; 97 S. C. 757; 85 Minn. 333; 146 Ill. 227; Story Eq. Pl. (10 ed.) par. 145, 152.

5. There is no error in the findings as to damages.

*F. M. Rogers* and *Moore, Smith, Moore & Trieber,* also for appellees.

Under the decree a title vested in fee simple and this decree is *res adjudicata.* 61 S. W. 1025; 1 Scholes & L. 408.

This action was instituted by appellants, the children and prospective heirs at law of Eugene A. Causey, against the appellee to recover damages for certain alleged acts of waste and to restrain them from further alleged acts of waste on certain lands in Desha County, Arkansas. All the appellants except James I. Causey are minors and sue by their father Eugene A. Causey as next friend.

Appellants alleged in substance that they were bodily heirs of Eugene A. Causey and that at his death they will become owners in fee of the following lands, towit: "west half of the west half of section 15 and the east half of section No. (16) sixteen, township No. 11 (eleven) south, range No. (3) west, containing 480 acres, and also of the northwest quarter of section No. (16) sixteen, township No. eleven (11) south, range No. 3 west, containing 160 acres."

They alleged that Isaac Adair was the owner of the lands in fee and on the 21st of June, 1887, devised the same to Eugene A. Causey under the following clause in his will:

"I give and bequeath to my nephew, Eugene A. Causey, and the heirs of his body lawfully begotten * * *. Also the west half of the west half of section No. (15) fifteen, east half and southwest quarter and northeast quarter of southwest quarter (E½ and SW¼ and NE¼ of SW¼) of section sixteen (16), all in township No. eleven (11) south, range No. (3) west in said County of Desha."

They alleged that the lands described in the above clause as the southwest quarter and the northeast quarter of the southwest quarter was an error in description which was subsequently corrected by a decree of the Desha chancery court, so as to show that the northwest quarter section 16 township 11 south, range 3 west, as above described was intended to be embraced in the will; that under the will their father took a life estate only and the remainder in fee was vested in them; that their

father had sold his life estate in all of the lands except the northwest quarter of section 16 above to T. F. Tillar; that of these lands 160 acres (west half of west half of section 15) was the only woodland on the entire tract; that the owners of the Tillar estate and those claiming under them had divested and were proceeding to divest these lands of its timber suitable for the proper husbandry and maintenance of the lands of which appellants were the owners in fee. They alleged that they believed that they had been damaged in the sum of $3,500 for the timber removed and they prayed that the amount of damages to their inheritance be ascertained and that they have judgment therefor and that the Tillar heirs and those claiming under them be enjoined from committing further waste of the estate of the appellants.

The appellees, the administrator of the Tillar estate, the widow of T. F. Tillar, and Mrs. Rogers, his daughter and the only heir of the Tillar estate, answered and denied specifically all of the allegations of the complaint, and among other things they alleged that in the year 1890 Eugene A. Causey brought suit in the chancery court of Desha County in which he alleged that prior to his death Isaac Adair had placed him (Causey) in actual possession of the lands in controversy in section 16, and had promised him at that time to vest him with title thereto. That Causey went into the possession of the land and made valuable improvements thereon. That Isaac Adair died leaving only four persons capable of inheriting lands from him, towit: Eugene A. Causey and his brother James I. Causey, both nephews of Adair, and Alice and Laura Williams, nieces of Adair. That prior to the institution of that suit Eugene A. Causey had acquired the interest of his brother James I. Causey in the land. That the object and purpose of that suit was to enforce specific performance of the contract made between Isaac Adair and Eugene A. Causey, and that a decree was rendered in said cause vesting the fee simple title in Eugene A. Causey and that he by his deed conveyed the fee simple title to T. F. Tillar.

The appellees made the pleadings, the depositions, and the decree in that cause an exhibit to their answer, and they were introduced in evidence and made a part of the record in the instant cause.

The complaint in that case was against Alice and Laura Williams, who were minors. It alleged in substance that Isaac Adair was the owner in fee simple of the east half and the northwest quarter and the northeast quarter of southwest quarter of section 16, township 11 south, range 3 west, in Desha County, Arkansas, containing 520 acres. That the land was wild; that Adair, the uncle of Eugene A. Causey made him a gift of the land and placed him in possession of the same, under the promise that he would devise the same to him by will; that he built a dwelling house at a cost of $800, and made other valuable improvements on 20 acres in the northwest quarter. That in 1888 Adair executed his will and intended to devise the land above described to Eugene A. Causey, but through the mistake of the draughtsman the southwest quarter was inserted instead of the northwest quarter, and the northeast quarter of northwest quarter instead of the northeast quarter of the southwest quarter of the above section. That it was the intention of Adair to devise to plaintiff the east half and the northwest quarter and the northeast quarter of the southwest quarter of said section 16 containing 520 acres. That Adair died leaving his widow, who accepted the provisions of the will in lieu of dower; that Eugene A. Causey and James I. Causey and Alice and Laura Williams were his only heirs at law. That Eugene A. Causey had acquired the interest of James I. Causey; that Eugene A. Causey had been in continuous, open, and adverse possession for more than seven years.

The prayer of the complaint was as follows:

"Wherefore the premises considered plaintiffs pray a decree of this honorable court correcting the error in the description of said land in said section sixteen so intended to be willed and bequeathed to plaintiff by said Isaac Adair and that all title or interest that said defendants

may have in said lands be divested out of them and vested in plaintiff and that plaintiff's title to said lands (describing them) be confirmed and quieted and for all other proper relief as his bill in equity and good conscience shall entitle him.''

T. H. Williams, the father of the minors, was appointed special guardian to defend for them, and also F. M. Rogers was appointed guardian *ad litem,* and they filed answers denying the allegations of the complaint and prayed that the plaintiff be required to make strict proof thereof.

On the issue thus joined in that case Causey testified among other things as follows: ''That his uncle made him a gift of the lands as described in his complaint. ''He instructed me to clear up the lands, it being wild and unimproved; he also selected a house site for me to build on. He also told me that it would be unnecessary to execute a deed, as he would complete a title to me in said lands in his will. He then and there placed me in actual possession of the land, and I proceeded to clear up and make valuable, lasting and permanent improvements on the land. My uncle, Isaac Adair, left a will but the description of the land in the will calls for some land in said section that he was never the owner of.'' His testimony then shows the value of the improvements he placed upon the land, and that he and his brother and half sisters, the minor defendants, were the only heirs of Adair.

A witness by the name of Berry testified, in that case, that he was a brother-in-law of Adair, living near him, and that Adair talked frequently to him concerning his business affairs. He told witness that he wanted his nephew Eugene ''to have among other lands all the land he owned in section 16.'' Prior to Adair's death he heard him tell the plaintiff Eugene ''that he then gave him all the land he then owned in section 16 and to go ahead and clear up and improve it. Eugene did so and occupied it as a home with his family. Adair left no

children and his widow accepted the provisions of the will in lieu of dower.

The decree in that cause contained recitals showing that the findings of the court were in accordance with the allegations of the complaint. Among other findings was one to the effect, that Isaac Adair did in due and legal form execute his last will and testament, giving to plaintiff the lands he owned as claimed in section 16 but that through the mistake of the draughtsman other lands were inserted, that Adair at the time did not own.

There was another finding to the effect that Causey during the lifetime of Adair had taken possession of the lands and had been in the adverse possession of same for more than seven years "as his own in fee simple." The decree of the court recites:

"It is therefore by the court considered, ordered, adjudged and decreed that plaintiff's title to said lands, (described as claimed in plaintiff's complaint) be confirmed and quieted in him, the said Eugene A. Causey, in fee simple, and any interest that said defendants have or may have in same be divested out of them and vested as aforesaid in said plaintiff."

The deed of Eugene A. Causey to T. F. Tillar upon which appellees rely was introduced in evidence and was shown to be dated April 5, 1895. It was a warranty deed conveying the fee simple estate in the west half of the west half of section 15 and the east half and the northeast quarter of southwest quarter of section 16, township 11 south, range 3 west, conaining 520 acres of land.

There was testimony on behalf of the appellants tending to prove the value of the timber which had been removed from the west half of the west half of section 15. This testimony and such other facts as we deem necessary will be referred to in the opinion.

The court found that T. F. Tillar by the deed of Eugene A. Causey acquired a fee simple estate to the east half and the northeast quarter of the southwest quarter of section 16. This finding was grounded upon the de-

cree of the chancery court of Desha County in the case of
*Eugene A. Causey* v. *Alice and Laura Williams.* The court
also found that Causey, by virtue of the will of Isaac
Adair, acquired a life estate in the west half of the west
half of section 15, and that T. F. Tillar through Causey's
deed acquired a life estate in these lands in section 15.
The court further found that the owners of the Tillar
estate and its grantees and licensees had committed waste
on the 160 acres of woodland in section 15, by removing
therefrom more timber than was necessary for the proper
purposes of husbandry, to the damage of the appellants
in the sum of $154.84. The court rendered a decree in
accordance with its findings from which is this appeal.

WOOD, J., (after stating the facts). (1) The prin-
cipal question as stated by counsel for the appellants is:
"Did Eugene A. Causey at the time of his conveyance
to T. F. Tillar have a life estate or an estate in fee simple
in the east half and the northeast quarter of the south-
west quarter of section 16, township 11 south, range 3
west?"

The chancery court was correct in finding that Eu-
gene A. Causey acquired title in fee to these lands "by
virtue of the decree of the chancery court of Desha
County in the case of *Eugene A. Causey* v. *Alice and
Laura Williams.* The decree of the court in that case
confirmed and quieted the title to these lands in Eugene
A. Causey in fee simple and the pleadings and the evi-
dence in that cause as well as the findings of the court
show that the court rendering such decree had juris-
diction of the subject-matter and of the proper parties
and that its decree was within the issue. This rendered
the decree binding upon the parties and their privies."
*Rankin* v. *Schofield,* 81 Ark. 440-462, and cases cited.

Analysis of the complaint in that case shows that
plaintiff was suing not for a life estate but for fee simple
title in the lands. He set up an oral contract by which
Adair promised to give him the lands and under which
he went into possession and made valuable improvements,

which took the contract out of the statute of frauds and entitled him to specific performance of the contract. *Young* v. *Crawford,* 82 Ark. 33; *Williams* v. *Neighbors,* 107 Ark. 473.

While the complaint sets up that it was the purpose of the testator Adair to carry out his contract by will and sets up the will and alleges that certain lands intended to be given him were not included therein, and that certain other lands which the testator did not own were through the mistake of the draughtsman inserted in the will and asked that the description of the lands be corrected, yet it is very clear when these allegations are taken in connection with other allegations of the complaint and in connection with the testimony that was adduced in that cause and with the decree rendered, that the plaintiff Causey was seeking to have fee simple title vested in him to all the lands in section 16 described in his complaint. Whatever may be the ambiguity in the complaint, that Causey intended thereby to raise the issue that he was entitled to a fee simple estate in the lands described therein can not be doubted when his testimony and the testimony of Berry adduced in the trial of that cause is considered.

(2) The language of the decree shows that the court understood that the issue joined was whether or not the plaintiff Causey was entitled to the specific performance of the contract of Adair to give Causey a fee simple estate in the lands. The allegations of the complaint, and the testimony of Causey and of Berry fully justified such conclusion. The testimony of Causey in short was that his uncle Adair made him a gift of all his lands in section 16, selected a site for his home, told him that it would be unnecessary to execute a deed as he Adair by his will would complete a title in (him) Causey.

"A promise to give land absolutely and execute a deed therefor is a promise to convey the whole of the grantor's estate, not merely a life estate." *Burlingame* v. *Rowland,* 19 Pac. 526.

(3)    The word *title,* when used in reference to title in real estate, "implies an estate in fee; nothing short thereof is a complete title."    *Gillespie* v. *Broas,* 23 Barber 370-381.

"Title, in common acceptance, means the full and absolute title." *U. S.* v. *Hunter,* 21 Fed. 615-617. "Title" Century Dict.; *Hoult* v. *Donahue,* 21 W. Va., 294; *Langmede* v. *Weaver,* 65 Ohio St. 37; *Johnson* v. *Gardner* (N. Y.), 10 Johns. 266-269; *Pinkston* v. *Huie,* 9 Ala. 252.

(4)    The appellants here are bound by the decree in *Causey* v. *Williams,* although they were not *in esse* at the time of the rendition of said decree.

Judge Story says: "So, if there be a tenant for life, remainder to his first son in tail, remainder over; and the tenant for life is brought before the court before he has issue, it is settled in equity that the contingent remaindermen are barred, and (as has been said) from necessity."    Story's Equity Pl. (10 ed.), p. 153; *Riddley* v. *Halliday,* 61 S. W. 1025, and other authorities there cited and reviewed.

In the latter case, after reviewing English and American authorities, the court announces substantially the above rule and quotes from *Kent* v. *Church of St. Michael,* 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, as follows: "Where an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto, and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand not only for themselves, but also for the persons unborn.    This is a rule of convenience and almost of necessity."

Counsel for appellants rely upon *LeSieur* v. *Spikes,* 117 Ark. 366, where we held that "a life tenant could not by conveying a greater interest than she possessed before the birth of any child or children deprive such child or children of their fee simple estate in remainder."

But this does not conflict with the rule above announced, which, as we have seen out of considerations

of convenience and necessity for the purpose of settling litigated titles, makes the life tenant the representative of the remainderman not in being. It follows that the suit of *Causey* v. *Williams* vested a fee simple title to the lands in controversy in that suit in Causey. He was not estopped from maintaining such suit by his conduct nor barred by the statute of limitation. His children, the appellants here, were bound by that decree and by his conveyance to Tillar.

The court found that Eugene A. Causey was the owner of a life estate in the west half of the west half of section 15 by virtue of the will of Isaac Adair and that T. F. Tillar acquired this life estate through Causey's deed.

This finding was also correct. The land in section 15 was not in issue in the suit of *Causey* v. *Williams.* The will unquestionably created but a life estate in Causey with the remainder in fee to his children. *Rogers* v. *Ogburn,* 116 Ark. 233, and cases there cited.

The appellees have not appealed and do not challenge the correctness of the court's finding as to title of the land in section 15.

(5) This brings us to a consideration of the issue as to what damages, if any, appellants have sustained by reason of waste committed by appellee on the west half of the west half of section 15.

In *McLeod* v. *Dial,* 63 Ark. 10-15, the rule as to the rights of the life tenant is announced substantially as follows:

"He has no right to cut trees growing on this portion of the land, or allow them to be cut except so far as was necessary to the proper and reasonable enjoyment of his life estate in conformity with good husbandry. For the purpose of using it as farming land, he had the right to clear a part of it, provided such part and that already prepared for cultivation, as compared with the remainder of the tract, did not exceed the proportion of cleared to wooded land usually maintained in good husbandry, and provided, further, that

he did not materially lessen the value of the inheritance. He also had the right to cut and use so much of the timber standing on the one-half which belonged to his wife as was necessary for fuel, and for making and repairing fences and buildings on the same. But the timber could only be cut or used for the proper enjoyment of the estate for life and not merely for sale."

Several witnesses testified on behalf of the appellants placing their damage by reason of the removing of the timber from the 160 acres in section 15, all the way from $2,500 to $7,000, but this testimony was based on the theory that the entire Causey tract of more than 500 acres was involved.

The court, as we have seen, correctly limited the damage to the 160 acres in section 15, which was all woodland.

The Tillar Mercantile Company, the lessee of the Tillar estate, had sold to the Fee Crayton Lumber Company all the merchantable timber on this tract, and received therefor the sum of $1,600. The latter company was made a party to this suit and interrogatories were propounded to it by appellants to ascertain the value of the timber taken by it from the land. Its answer shows the value of the timber removed by it from the land, was $619.38. This answer was duly verified and was not denied by the appellants and it fixes the actual value of the timber taken.

The testimony shows that good husbandry required that 25 per cent. of standing timber should be left to supply the upkeep of a farm. Therefore, under the above rule the Tillar estate as life tenant had the right to clear all except 40 acres of the 160 acres for farming purposes, and the damage to the appellants could not have been more than one-fourth of the actual value of the timber taken.

The chancery court found that the appellants had sustained damages in the sum of $154.84, which sum was exactly one-fourth of the value of the timber that had been removed from the entire tract of 160 acres.

The decree of the court is correct, and is, therefore, affirmed.