LUMPKIN v. ASKINS.

4-3090

Opinion delivered October 16, 1933.

   *Edwin W. Pickthorne* and *Will G. Akers,* for appellant.

*Walter L. Pope,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the chancellor erred in decreeing a restoration of the will and also in confirming the title of Mrs. Williams to the property given her by the testator during his lifetime. Appellant also contends that the chancellor erred in not granting a new trial because of newly-discovered evidence.

The statute provides the procedure for the restoration of lost or destroyed wills and vests the jurisdiction in the chancery court. Section 10,545, Crawford & Moses' Digest; *Bradway* v. *Thompson,* 139 Ark. 542, 214 S. W. 27; *Rose* v. *Hunnicutt,* 166 Ark. 134, 265 S. W. 651.

The chancellor, it is true, in making his findings expressed a doubt as to whether the proof justified the finding that the will relied upon by the plaintiff was in existence at the date of the death of Mr. Askins, but there is no presumption that the will was destroyed by the testator with the intention of revoking it, the proof not showing that he retained the custody of the will or had access thereto, notwithstanding it could not be found after his death. There was no proof to justify a finding

that the testator had possession of the will after he executed it and left it with his attorney, although it was shown that he could have gotten it by asking for it. The testimony showed that the will had been duly executed, and, if not in existence at the death of the testator, that it had been fraudulently destroyed in his lifetime, and its provisions were clearly established and proved by two witnesses as well as that it was properly executed and attested by the witnesses as required by law.

If such presumption could arise from the testimony of the intentional revocation of the will by the testator, it was overcome in this case by the proof that the will was placed in the desk of the partner of the member of the law firm who drew it, to which the testator had no access, and, by his testimony, that it was never called for by the testator or delivered to him.

A careful examination of the whole record discloses that the findings of the chancellor are not contrary to the weight of the evidence, but supported by it in his decision on both matters.

The testator could make a valid parol gift of the property to Mrs. Williams, and the evidence amply justifies the finding that he did so and delivered possession of the property to her at the time, which she has ever since retained, although it is true that he promised to and indicated later that he had conveyed the title thereto by will. Mrs. Williams stated, however, that on the last day of his life when he realized his condition that he handed her the key to his trunk, stating that all the papers in which she was interested would be found therein and directed her to get them. She failed to get access to the trunk and the papers because appellants, the Lumpkins, in whose house the trunk was, would not permit her to do so; and the fact that she thought that Askins had not only conveyed the property to her, the home where she lived, but his other property as well, which he had already indicated would be done, does not lessen the effect of the testimony showing the delivery of the property to her under the express intention to give it to her. *Young* v. *Crawford,* 82 Ark. 33, 100 S. W. 87; *Causey* v. *Wolfe,* 135 Ark. 9, 204 S. W. 977; *Akins* v. *Heiden,* 177 Ark.

1014

392, 7 S. W. (2d) 15; *Speck* v. *Dodson,* 178 Ark. 549, 11 S. W. (2d) 456; *St. Louis, I. M. & S. Ry. Co.* v. *Hall,* 71 Ark. 302, 74 S. W. 293; *Berg* v. *Moreau,* 199 Mo. 416, 97 S. W. 901, 9 L. R. A. (N. S.) 157.

No error was committed because of the refusal to grant a new trial on account of newly-discovered evidence. No proper diligence was shown in procuring the alleged newly-discovered evidence when the necessity therefor fully appeared from the denials in the response to the motion showing the appellants were fully informed, before the beginning of the trial as well as during the introduction of the testimony, of what the issues were and the necessity for such testimony. The testimony proposed by the new witnesses was altogether cumulative in its nature, and there was no abuse of discretion on the part of the chancellor in refusing to grant the new trial. On the whole case we find no error in the record, and the decree is affirmed.