GRAVES *v.* SIMMS OIL COMPANY.

4-3544

Opinion delivered November 5, 1934.

*Lawrence E. Wilson* and *Jones & Jones,* for appellant.

*Gaughan, Sifford, Godwin & Gaughan,* for appellee.

McHANEY, J. The subject-matter of this litigation has heretofore been considered by this court in three separate cases. The first was *Mason* v. *Graves,* 265 S. W. 667, not officially reported, 167 Ark. 678, 265 S. W. 667; the second was *Hildebrand* v. *Graves,* 169 Ark. 210, 275 S. W. 524; and the third was *Murphy* v. *Graves,* 170 Ark. 180, 279 S. W. 359.

Appellant was formerly Mary Murphy, the widow of Larkin Murphy who died intestate in the year 1878, the owner of 160 acres of land in Ouachita County, and leaving surviving him appellant and two children, Joe and Drucilla. This land constituted the homestead of Larkin Murphy, and Mary, his widow, continued to occupy it as a homestead after his death. She thereafter married Graves, and three children, Luther, Mary and Martha, were born of this union. In 1884, on the application of Mary Murphy Graves, widow of Larkin Murphy, the probate court entered an order vesting the title to said land in Mary Murphy Graves on the ground that the value of the whole estate of Larkin Murphy was less than $300. In the case of *Hildebrand* v. *Graves,* *supra,* it was held that this order was void because the land constituted the homestead of Larkin Murphy, who left minor children.

In 1897 appellant conveyed the middle one-third of said tract, fifty-three and one-third acres, to Will Newton, who had married Drucilla Murphy, by deed purporting to convey the fee simple title. By deeds of 1905 and 1911 purporting to convey a like title, she conveyed the west one-third of said tract to Luther Graves, a son by her second husband. She occupied the house on the east end of the tract, called the home tract. In 1913 she made a gift to her daughters, Mary and Martha of the east one-third of said tract, to Mary the west half of the east fifty-three and one-third acres, and to Martha the east half thereof. Mary had intermarried with Henry Murphy at that time. These daughters made improvements on the tracts given them by their mother, entered into possession thereof, and have lived thereon since that time; their mother, appellant, living with them. On May 22, 1922, appellant executed deeds to Mary and

Martha to the respective parts she had theretofore given them, which deeds were shortly thereafter placed of record,—that to Mary being recorded May 30, and that to Martha June 3, 1922. On June 12, 1922, one P. T. Hildebrand secured a deed from Drucilla Newton, the sole heir at law of Larkin Murphy, then living, to the whole 160-acre tract, and on June 17, 1922, he secured a deed from appellant's daughters, said Mary and Martha, to the same tract. On June 20, 1922, Hildebrand executed an oil and gas lease to George R. Gordon, and through mesne conveyances and assignments, title to the lease vested in appellee on July 29, 1922. Hildebrand reconveyed the land their mother had deeded them to Mary and Martha, excepting the mineral rights. On June 22, he executed to Mary and Martha mineral deeds, subject to said lease, covering an undivided half interest in two 20-acre tracts. Thereafter, oil was discovered in large quantities on said land, that is, the east one-third of said tract, by appellee, which gave rise to this and the former litigation heretofore mentioned.

This action was brought by appellant in September, 1933, in which she asserted a claim of dower. She alleged that the oral gifts to her daughters, Mary and Martha, were upon condition that they were to take effect only upon her death, and that she retained and reserved to herself during her life all her rights, interests and property in said tracts so given, and all the rents and profits therefrom, with the right of occupancy and possession, and all taxes to be paid in her name, with all rights of homestead, dower, etc., and that she executed and delivered the deeds of conveyance to Mary and Martha upon like conditions. She sought a recovery of and from appellee of the value of the oil which it is alleged it had wrongfully taken from the east one-third of said original tract. Appellee answered admitting some of the allegations of the complaint and denying others. It set out its title as above mentioned, for which it paid a valuable consideration and pleaded that it was an innocent purchaser. It also pleaded estoppel on a number of grounds, including the former litigation herein men-

tioned, and other litigation, as also the statute of limitation, adverse possession and laches.

Trial to a jury resulted in a verdict and judgment for appellee.

There is some contention made on this appeal that there was no delivery of the deeds executed by appellant on May 22, 1922, to her daughters Mary and Martha, and for this reason no title passed to them. While the complaint alleged the execution and delivery of said deeds, appellant testified that she took the deeds, after their execution, home and put them in a trunk. Her testimony as to the nondelivery thereof to the grantees is very vague and uncertain. Appellant is quite old, lacking in memory and deaf, and testified through an interpreter. She was supported somewhat by her daughters. But the fact remains, however, that she had in 1913 made a parol gift of the same land conveyed by said deeds to her said daughters, put them in possession and permitted the making of improvements thereupon, which had the effect of giving them the fee title. We so held in *Murphy* v. *Graves,* 170 Ark. 180, 379 S. W. 359. In that case Bennie Murphy, son of Joe Murphy and grandson of Larkin, sought to recover his deceased father's interest in all the land, and it was held that he was barred by the statute. It was there held that appellant had abandoned her homestead right by her attempted conveyances of 1905 and 1911 as to the portions of the land described in said deeds, and the court continued: ''The question presents itself whether or not the oral gift of the remainder of the land to the two daughters of Mary Graves (Mary and Martha) constituted an abandonment. We are of the opinion that it did. An oral gift of land is not enforceable unless there is actual possession delivered followed by the making of valuable improvements by the donee. *Young* v. *Crawford,* 82 Ark. 33, 100 S. W. 87; *Brown* v. *Norvell,* 96 Ark. 609, 132 S. W. 922; *Williams* v. *Neighbors,* 107 Ark. 473, 155 S. W. 917; *Causey* v. *Wolfe,* 135 Ark. 9, 204 S. W. 977. The executed oral gifts of land were as effectual to divest title as a written conveyance.'' It was then said that Bennie Murphy's right of entry, ''was

complete upon the abandonment of the homestead right by the widow, and the statute of limitations began to run against him at that time. The widow (Mary Graves) also had an unassigned dower right, but this did not bar the right of entry of the heirs so as to prevent the statute of limitations from running. *Griffin* v. *Dunn,* 79 Ark. 408, 96 S. W. 190; *Fletcher* v. *Josephs,* 105 Ark. 646, 152 S. W. 293.''

Therefore, appellant's daughters, Mary and Martha had acquired the legal title to their respective tracts of the east one-third of the 160 acres prior to the execution by appellant of the deeds to them in 1922. We think it must be held that these deeds conveyed her unassigned dower right in said tracts. If so, then these conveyances were not to strangers to the title, but to the owners of the legal title, and, both the legal and the equitable title being in them, the unassigned dower right was extinguished, and their deeds to Hildebrand conveyed the whole title, both legal and equitable.

For this reason alone, the court should have directed a verdict for appellee as requested by it. It becomes unnecessary to discuss the other interesting points so ably argued by counsel on both sides.

Let the judgment be affirmed.