GRIFFIN *v.* DUNN.

Opinion delivered June 18, 1906.

1. HOMESTEAD—INVALIDITY OF PROBATE SALE.—The probate court has · no jurisdiction to order the sale of the homestead of a decedent for the payment of his debts subject to the rights therein of his widow. (Page 410.)

2. STATUTE OF LIMITATIONS—HOMESTEAD—ABANDONMENT BY WIDOW.— While the statute of limitations does not run against a cause of action in favor of the heirs for recovery of the homestead during occupancy by the widow, an attempt by her to alienate the homestead operates as an abandonment of the homestead, in which event the right of action of the heirs becomes complete, and the statute of limitation begins to run against them. (Page 410.)

3. SAME—JUDICIAL SALES.—Kirby's Digest, § 5060, providing that "all actions against the purchaser, his heirs or assigns, for the recovery of lands sold at judicial sales shall be brought within five years after the date of such sale, and not thereafter," applies to the case where the right of action accrued after the date of such sale and within the period of five years, provided that the period of time between the completion of the right of action and the expiration of five years from date of sale is not too short to allow a reasonable opportunity within which the right may be asserted. (Page 411.)

4.  HOMESTEAD—CONVEYANCE BY WIDOW—DOWER.—Conveyance of her de-
    ceased husband's homestead by a widow carries with it an equitable
    transfer of her unassigned dower right, but this outstanding right
    did not postpone the heir's right of entry.  (Page 412.)

5.  WIDOW'S QUARANTINE—ABANDONMENT.—The widow's right to hold
    the dwelling house and farm attached until dower shall be assigned
    is a personal privilege, which is not assignable; and while she may
    rent out the farm, and receive the rents and profits, she can not
    convey the land or transfer her rights; if she does, she thereby
    abandons the land, and the heir's right of entry becomes complete,
    subject only to the right to have dower assigned.  (Page 412.)

Appeal from Johnson Chancery Court; *Jeremiah G. Wallace,*
Judge; reversed.

*Cravens & Covington,* for appellants.

The sale of the homestead by the administrator was void.
47 Ark. 445; 50 *Id.* 729; 49 *Id.* 75; 56 *Id.* 565; 37 *Id.* 316.  Since
the decision in 47 Ark. 445, the sale of a homestead may be con-
ceded to be void, but prior to the act of 1873 such sales were
common.  37 Ark. 316; 40 *Id.* 17.  The sales were treated
as void only as to the interests of the minors.  But plaintiffs are
estopped.  12 Am. & Eng. Enc. Law, pp. 542-8; 72 Ark. 446; 2
Herman 'on Estoppel and Res Judicata, secs. 937-8-9, 951, 954,
958; 24 Ark. 131, etc.  They are also barred by laches and limita-
tion.  75 S. W. 692; 61 Ark. 575; 52 Fed. 627; 35 N. E. 315;
30 *Id.* 874; 71 Ark. 209.

*T. B. Pryor,* for appellee.

The sale was void.  47 Ark. 445, 455.  A married woman
is not barred by the seven year statute of limitations.  Nor by
the five year statute as to judicial sales.  53 Ark. 410.  The doc-
trine of laches does apply.  67 Ark. 320; 70 *Id.* 371.  No estop-
pel is shown.

McCULLOCH, J.  R. R. Posey owned and occupied as his
homestead a quarter section of land in Johnson County, and died
in August, 1876, leaving surviving him his widow, Sarah Posey,
and daughter, Martha R. Dunn, who was then an adult married
woman.  Her coverture continues to the present time.  The
tract of land was by an order of the probate court set apart to
the widow as her homestead, but in June, 1878, the entire tract

was sold, subject to the homestead right of the widow, by the administrator of the estate of said decedent for the purpose of raising funds to pay the debts of the estate, and was purchased by F. R. McKinnon. The sale was ordered and confirmed by the probate court. In November, 1878, McKinnon and Mrs. Posey, the widow, presumably acting under the belief that the sale made by the administrator subject to the homestead right of the widow was valid, and that McKinnon had obtained title to the land subject only to the widow's homestead right, exchanged conveyances, whereby McKinnon conveyed to the widow the west half of the tract, and she conveyed to him the east half. Appellants hold the said east half, containing 80 acres, under mesne conveyance from McKinnon. The widow died in July, 1901, and in September, 1903, appellee Martha R. Dunn and R. O. Herbert, her grantee of an undivided interest, brought ejectment to recover possession of the land. Appellants, among other defenses, alleged adverse possession held by them and their grantors since the date of the deed from Mrs. Posey to McKinnon in 1878, and pleaded the five year statute of limitation under the judicial sale made by the administrator. The defendants also pleaded certain equitable defenses unnecessary to enumerate here, and made their answer a cross-complaint, containing a motion that the cause be transferred to the chancery court, which motion was granted. Upon final hearing a decree was rendered in favor of the plaintiffs for the recovery of the land and rents, but allowing the defendants for taxes paid, and also for a portion, by way of subrogation, of the amount of the probated claims against the estate of Posey for the payment of which the land was sold by the administrator.

The sale of the homestead by the administrator was void because the court had no jurisdiction to order it. *McCloy* v. *Arnett,* 47 Ark. 445; *Stayton* v. *Halpern,* 50 Ark. 329; *Nichols* v. *Shearon,* 49 Ark. 75; *Bond* v. *Montgomery,* 56 Ark. 563.

The statute of limitation does not run against a cause of action in favor of the heirs for recovery of the homestead during occupancy by the widow, but an attempt by her to alienate the homestead is ineffectual, and operates as an abandonment of the homestead claim. In the event of such abandonment the right of action of the heirs becomes complete, and the statute of limita-

tion begins to run against them. *Garibaldi* v. *Jones*, 48 Ark.
230; *Killeam* v. *Carter*, 65 Ark. 68; *McAndrew* v. *Hollingsworth*,
72 Ark. 446.

In *Kessinger* v. *Wilson*, 53 Ark. 400, the five year statute
of limitation under a judicial sale was pleaded against adult heirs
whose right of action did not accrue until the coming of age of an
infant heir more than ten years after the date of the sale. The
court held that the statute ran from the date of the sale, but did
not apply to a cause of action which arose in favor of the adult
heirs after the expiration of five years from the date of the sale.
The court there said: "It is manifest that the statute was never
intended to be applied in such cases, but that its object was to
require all parties to bring suits against purchasers at judicial
sales within five years after the date of the sale for the enforce-
ment of only such rights to recover the land sold as can be en-
forced in an action brought within that time, and to bar the
recovery of such rights in any suit brought thereafter." The
cause of action asserted by the plaintiff in the case at bar arose
within five years from the date of sale. It arose upon the
abandonment of the homestead by the widow in about five months
after the sale, and, according to the construction of the statute
in *Kessinger* v. *Wilson, supra,* was barred at the expiration of
five years from date of the sale. It is said that the statute should
be construed to apply only to causes of action for recovery of
land which were complete and capable of being asserted when the
sale was made, and to no other. The majority of the court are
of the opinion that this is not the effect intended to be given to
the statute by the framers thereof. There is certainly no reason
found, either in principle or from the language of the statute,
why it should not apply to all causes of action which come into
existence and are complete within the period of five years from
the date of the sale, provided that the period of time between
the completion of the cause of action and the expiration of five
years from date of sale is not too short to allow a reasonable
opportunity within which the right may be asserted. A period of
time too short for the reasonable assertion of the right would be
equivalent to no time at all, and would be the same as if the right
did not accrue within the five years. The statute plainly reads
that *"all* actions against the purchaser, his heirs or assigns, for

the recovery of lands sold at judicial sales shall be brought within five years after the date of such sale, and not thereafter." Kirby's Digest, § 5060. While it does not apply to those who do not have a right of action within five years from the date, yet it would circumscribe the comprehensive language of the statute to say that it does not apply to causes of action which arise after the sale but within that period.

In addition to the homestead right, the widow had the right to claim dower in the land, which was never assigned, and she might have asserted this right after abandonment of the homestead. She also had the right to hold possession of the dwelling house and farm thereto attached until the dower should be assigned. Kirby's Digest, § 2704. The further question is, therefore, presented whether or not these two rights, or either of them, that is to say, the widow's unassigned dower right and her right to tarry in the mansion or chief dwelling house until dower should be assigned, postponed until the death of the widow the accrual of the cause of action of the heir to recover possession after the attempted alienation of the premises by the widow which resulted in the abandonment of her homestead right.

The conveyance of the land by the widow carried with it an equitable transfer to the grantee of her unassigned dower right (*Weaver* v. *Rush,* 62 Ark. 51), but this outstanding right to have dower assigned did not postpone the heir's right of entry. *Carnall* v. *Wilson,* 21 Ark. 62; *Padgett* v. *Norman,* 44 Ark. 490; *Barnett* v. *Meacham,* 62 Ark. 313.

The widow's right to hold the dwelling house and farm attached until dower shall be assigned is a personal privilege, and not an estate in the land which can be transferred to another. She may rent out the farm and receive the rents and profits, but can not convey it or transfer her rights. If she does, she thereby abandons it, and the right of entry of the heir becomes complete, subject only to the right to have dower assigned. *Padgett* v. *Norman, supra; Garibaldi* v. *Jones, supra; Morton* v. *Morton,* 112 Ky. 706; *Burk's Heirs* v. *Osborne,* 9 B. Mon. 579; *Norton* v. *Norton,* 94 Ala. 481; *Wallis* v. *Doe,* 2 Sm. & M. (Miss.), 220.

It follows that the right of action of the plaintiff Mrs. Dunn was complete from the date of conveyance executed by the widow to McKinnon, and was barred when this action was commenced.

The statute contains no exception in favor of married women.

The decree is therefore reversed, and the cause remanded with directions to enter a decree dismissing the plaintiff's complaint for want of equity.

HILL, C. J., (dissenting.) *Kessinger* v. *Wilson,* 53. Ark. 400, decided that the five years statute of limitations in favor of purchasers at judicial sales did not apply to causes of action which did not accrue until after five years from the sale, and as to such causes of action this statute had no application, and for the limitation of such actions some other statute should be looked to. The logic of that decision requires some other than the five years statute to be looked to to find the proper limitation of this action.

At the time of sale the action had not accrued, and the case was then exactly like *Kessinger* v. *Wilson.* The statute in terms runs from the date of sale. If at the date of sale the cause of action had not accrued, this particular statute could not apply. Six months after the sale this cause of action accrued by the widow abandoning her homestead right, and the limitation should run from that period, and which statute should apply? One dating from a sale when that sale had taken place six months prior thereto? The beginning point of limitation is the abandonment by the widow, and this decision takes that point, and fits it to a statute which names another point, the sale, as a starting point. To find the limitation in such cases, find the starting point, count out the time from the date of sale to this starting point, and the remainder is the period of limitation. In this case it is four years and a half. If the widow had abandoned her rights four years and a half after the sale, then the limitation would be six months. If too short to give an opportunity to bring the action, then the court says that this statute does not apply, and it will be treated like it did not accrue within the five years. Yet the Legislature intended five years to be the limitation, in all cases where this statute applied, and never contemplated the movable period, long or short, according to each case.

The error of such construction is in substituting some other starting point than that named in the statute. The statute fixes the sale as the starting point; but it was ruled in *Kessinger* v. *Wilson* that in cases where said statute could not apply some

other statute should be looked to to find the limitation, and that would be the case here. The court lets in the five years statute on the happening of a subsequent contingency, and puts it into operation from the prior date.

I can not concur in this construction, and think this strange running of the five years statute should be avoided by sticking to the text of *Kessinger* v. *Wilson,* and holding that it did not apply, and looking to a statute which does apply from the happening of the contingency which puts it in motion, the seven-year statute.