### BAUM *v.* INGRAHAM.

Opinion delivered December 15, 1919.

PARTITION—SALE SUBJECT TO UNASSIGNED DOWER.—Where a widow had conveyed her unassigned dower, it was error in partition suit to decree a sale of the land subject to unassigned dower, since such sale, without first assigning dower, might have prevented other persons than the assignee from bidding.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. H. Vaughan,* Special Chancellor; reversed.

*T. P. Winchester,* for appellants.

1. The court erred in not taking into account the unassigned dower of the widow. Ingraham was the real purchaser of the land at the sale.

2. The filing of the mandate of this court was in effect the beginning of a new suit and notice was necessary and was not given. The sale of the lots subject to the dower interest was erroneous. Kirby's Digest, § § 5776-5785.

The appellee, *pro se.*

1. The law was followed as to filing the mandate, notice, etc. Kirby's Digest, § 6174, as modified by subse-

quent statute. The mandate was not a reversal but an affirmance, but appellants had ample and due notice. Section 1236 does not sustain appellants' contention as to notice.

2. There was no error in the sale or report of the commissioners and none in the decree as to partition. The fee was decreed to be partitioned subject to the dower estate, and that decree was affirmed by this court.

3. The commissioner's sale was properly subject to dower, as held by this court on former appeal.

4. As to the reason of the commissioners, the case in 90 Ark. 500 is not applicable. 49 Ark. 104; 76 *Id.* 146.

5. Equity will not disturb a decree upon technicalities where substantial justice has been done as here and the matter is *res judicata.* 72 Ala. 190; 30 Cyc. Pl. & Pr. 178; 26 Ill. 504; 32 Iowa 399; 75 Me. 418; 112 Mass. 753; 3 Sandf. (Va.) 264. The rule is different where dower has been assigned. 41 N. C. 392; 30 Cyc. P. & L., p. 180. Justice has been done.

HART, J. This is the second appeal in this case. The opinion on the former appeal was delivered on October 21, 1918, and is reported in 136 Ark. 101, under the style of *Ingraham* v. *Baum.* This suit was originally brought in equity by William and Marguerite Baum against Lee H. Ingraham to set aside a probate sale to certain lots at which Ingraham became the purchaser at private sale and which the plaintiffs allege they had inherited from their father. The father of the plaintiffs died owning three lots in the city of Fort Smith, Arkansas, being the property in controversy. His widow removed to the State of Oklahoma with her children and married again. Their stepfather was appointed guardian for the children and procured an order of the probate court for the sale of the minor's interest in the land at a private sale. Lee H. Ingraham became the purchaser at the sale, and the sale was approved by the probate court, although it was made privately and no appraisement as required by the statute had been made. The

dower of the widow was not assigned to her, and she conveyed it to Lee H. Ingraham. Mary Baum, the oldest child, conveyed her interest to Ingraham when she became of age. A mistake was made in the deed as to the description of her interest, and reformation of the deed was sought.

The chancellor held that the sale of the minors' interest in the land was void because it was made at a private sale. The chancellor also reformed the deed from Mary Baum so as to recite that she had conveyed all her interest in the land to Ingraham. The decree of the chancellor in both of these respects was affirmed in the Supreme Court. The chancellor also made a finding in regard to betterments, and the only objection made to the finding in this respect by either party on appeal was that the chancellor had made a mistake in his finding as to values, and this court held that the finding of the chancellor in this respect was not against the preponderance of the evidence and was therefore affirmed. The opinion also recited that the complaint contained a prayer for the partition of the land and that this was ordered subject to the widow's claim of dower and the lien for betterments. This court said that this was the proper order to make, inasmuch as the chancery court had power to grant full relief.

Upon remand of the case commissioners were appointed to make partition according to the respective interests of the parties and subject to the defendant's lien for betterments.

It will be remembered that the father of the minor plaintiffs died leaving a widow and three children, all of whom were minors. The widow conveyed her unassigned dower to the defendant, Ingraham, and the oldest child conveyed her interest to him as soon as she became of age. Upon the remand of the case the chancery court first appointed commissioners to partition the land according to the respective interests of the parties. The commissioners reported that the land could not be divided without injustice to the parties and recommended a sale.

of it. The commissioners were discharged, and their report approved and confirmed. A commissioner was then appointed to sell the land subject to the dower interest which was owned by the defendant, Lee H. Ingraham. L. H. Taylor bid off the property at the sale for the sum of $4,000. He assigned his bid to Mrs. Lucie Ingraham, the wife of the defendant, Lee H. Ingraham. The court directed that a deed be executed to her subject to the dower interest of the widow, which was owned by Lee H. Ingraham as a separate estate. The court then proceeded to make a division of the proceeds between the parties according to their respective interests, taking into consideration the lien of the defendant Ingraham against the land for betterments or improvements

The decision of the chancellor was wrong. This court in its former opinion said that the court had the power to grant full relief in making a division of the estate. The widow had conveyed her unassigned dower in the land to the defendant, Ingraham. It has been held that a conveyance by a widow of her dower in land before it has been assigned to her will be upheld in a court of equity, and her dower interest may be recovered by her alienee. *Weaver* v. *Rush,* 62 Ark. 51; *Griffin* v. *Dunn,* 79 Ark. 408; *Flowers* v. *Flowers,* 84 Ark. 557, and *Arbaugh* v. *West,* 127 Ark. 98.

The error of the court below consisted in not taking into account the unassigned dower of the widow which had been conveyed to the defendant, Ingraham. The sale was ordered made subject to her unassigned dower. This might have resulted in great prejudice to the plaintiffs, and might have prevented other parties than Ingraham from bidding at the sale. The court should have taken that into account in decreeing the partition of the land and erred in decreeing the sale without assigning dower. It is true the land was struck off at the sale to a third party, but without paying any part of the purchase money he assigned his bid to the wife of L. H. Ingraham, and under the circumstances, as disclosed by the record, we think it may be taken as showing that L. H. Ingraham

was the purchaser, and that the bid was made by a third party and assigned to his wife for him. In other words, we think the records show that he was the real purchaser, and that the bid of the third person and transfer to the wife of Ingraham was colorable merely.

It follows that the decree must be reversed and the cause will be remanded for further proceedings in accordance with the principles of equity and not inconsistent with the opinions in this case.