BAUM *v.* INGRAHAM.

Opinion delivered February 7, 1921.

APPEAL AND ERROR—CONCLUSIVENESS OF FORMER APPEAL.—Where on a former appeal it was erroneously adjudged that the appellee was entitled to recover betterments on land assigned to him by the decree, such error can not be cured on a second appeal.

Appeal from Sebastian Chancery Court, Fort Smith District; *C. R. Barry*, Special Chancellor; affirmed.

*T. P. Winchester,* for appellants.

1. When Baum, Sr., died, the lots in controversy were unimproved. When his widow conveyed her dower to Ingraham, they were unimproved. When dower is admeasured in this proceeding, the lots are improved, and dower must be assigned as they were when the right was consummated when the husband died. If this position is well taken, then—

2. The lots (as unimproved) should have been sold, free of dower, and dower assigned out of the proceeds. It is not questioned that the price paid by Ingraham for the naked lots—$2,100—was the fair value at the time he bought; and,

3. The statute provides for such procedure (Kirby's Digest, § 2707), and the order in this case follows the statute. The facts make this procedure the only one that can be followed without great prejudice to the heirs.

4. The result of the procedure here works injustice to the heirs, such as to merit the condemnation of the court.

Costs of improvements put upon land by the widow before the assignment of dower can not be charged against the heirs. 19 C. J. 532, § 206. See, also, 34 Am. St. 236; 46 Am. Dec. 56; 90 Ky. 593.

When defendant acquired his one-third interest in the lots and at the same time acquired the dower interest, the dower interest was merged into the larger estate, and he had only a dower interest in the undivided two-thirds belonging to plaintiffs. It was at his own risk that he improved the property before he had the dower interest assigned. As against the heir, the widow takes dower in the condition the land is when the assignment is made but as against an alienee of the husband as of the date of the alienation. As against the heir where she delayed demanding dower until the heir improved the property, she can not claim dower in the value as enhanced by the heir's improvements. 47 Md. 359; 42 Miss. 747; 27 W. Va. 750; 5 Johns. Ch'y 497 (N. Y.). The defendant is entitled to dower in the undivided two-thirds in the plaintiff's interest only, and the court erred in its decree.

*Pryor & Miles,* for appeellee.

This is the third appeal in this case. 131 Ark. 101; 141 *Id.* 243. This court reversed the cause the last time because the dower interest held by appellee was not accurately determined, and the court directed that the dower be assigned and a resale had. This was done, and the only question now is whether the holder of the dower interest is to have dower assigned as of the date of the assignment or as of the date of the death of the original holder of the estate. In other words, shall dower be assigned with the improvements or without. The rule as laid down in 66 Ark. 251, has no application here. Washburn, Real Property (6 ed.), § 476; 19 Fed. Cases No. II, 356; 3 Mason 347; 27 W. Va. 750. See, also, 23 Ill. 585; 34 Conn. 488; 86 Ky. 198; 9 Mass. 218. Dower was

properly assigned with reference to the land as it stood at the time of the assignment, and there is no error.

McCulloch, C. J. This is the third appearance here of this case, and the facts are fully stated in the former opinions. *Ingraham v. Baum*, 136 Ark. 101; *Baum v. Ingraham*, 141 Ark. 243. On the remand of the case after the last appeal, the chancery court decreed an assignment of the dower interest to appellee, Lee H. Ingraham, who had purchased it from the widow of William Baum. A certain portion of the real estate containing one of the houses erected by appellee was assigned to him as the dower interest of the widow. The court then ordered a sale of the property by a commissioner, for the purpose of satisfying the lien of appellee for betterments and for a division of the proceeds. Pursuant to that order a sale was made by the commissioner and reported to the court, and the court proceeded to distribute the funds, paying first appellee's claim for betterments.

The present appeal challenges the correctness of the court's ruling in the distribution of the proceeds of sale. The contention is that appellee was not entitled to reimbursement for the expense of building a house on the part of the land which was assigned to him as the widow's dower. The argument is that, since appellee obtained this particular portion of the property in the assignment of dower, he is not entitled to reimbursement for the cost of the improvements thereon. The determination of this question settles the point of the complaint of appellants as to the distribution of the proceeds of the sale. The difficulty with the contention of appellants now is that this question has been settled against them by the first decree of the chancery court which was before us on the first appeal. In that decree the court ascertained the amount of betterments to be allowed to appellee and decreed the same to be a lien on the real estate in controversy. There was an appeal to this court by both parties to the controversy, but the present appellants only challenged the correctness of the decree as to the value of the

betterments. Our attention was not then called to the question of the right of appellee to recover for betterments on such part of the property as might be assigned to him as the widow's dower. The effect of the decree of the chancery court was, however, to determine the rights of the parties with respect to appellee's recovery of the value of betterments, and it is too late now to go back to that question, which was then finally adjudicated. However objectionable that feature of the decree may appear to be, it is too late now for the chancery court or this court to give relief against this. The last decree distributing the funds in accordance with the prior adjudication by the court must therefore be affirmed, and it is so ordered.