BILLIE KAY OBENSHAIN *v.* HARVEY OBENSHAIN

5-5915                                           480 S.W. 2d 567

Opinion delivered May 29, 1972

*Jeff Duty,* for appellant.

*Davis & Reed,* for appellee.

GEORGE ROSE SMITH, Justice. The question here is whether the appellee, who is the father of the appellant's former husband, can garnishee the appellant's one-half interest in the net proceeds derived by the appellant and

her former husband from the voluntary sale of their homestead. We find that the circuit court was right in holding that the fund in question is not exempt from the claim asserted by the appellee.

In 1970 the appellant obtained a divorce in the Washington chancery court. The parties owned a homestead in the county as tenants by the entirety. They had agreed upon a property settlement by which the homestead would be listed with a real estate broker for sale at a reasonable price. The divorce decree approved that arrangement. The property was eventually sold by the broker in 1971, the net proceeds of sale amounting to $2,051.55.

While the real estate broker was still holding the proceeds of sale the appellee brought this action against the appellant and her former husband, to recover the sum of $2,100.71 which the appellee had been compelled to pay as a result of having indorsed a note executed by the appellant and her former husband to a bank. Upon filing this action the appellee caused a writ of garnishment to be served upon the real estate broker, who has paid the proceeds of sale into the registry of the court. The appellant, having been awarded custody of the couple's two minor children, contends that she is the head of the family and is therefore entitled to assert a homestead exemption in her half of the proceeds derived from the sale of the homestead. The circuit court rejected that contention.

The court was right. When the owner of a homestead voluntarily sells the property, the proceeds of sale are not exempt. *Drennan* v. *Wheatley*, 210 Ark. 222, 195 S.W. 2d 43 (1946). On the other hand, when the property is subjected to a forced sale, the debtor's share of the proceeds is exempt if he intends to use the money to acquire another homestead. *Sims* v. *McFadden*, 217 Ark. 810, 233 S.W. 2d 375 (1950). Here the former rule applies, for the parties voluntarily agreed to list the property with a broker for sale at a reasonable price. We are not called upon to decide whether a sale ordered by the chancellor under Act 340 of 1947, Ark. Stat. Ann.

§ 34-1215 (Repl. 1962), might in some situations be considered to be a forced sale.

The appellant, to support her claim of exemption, cites our decision in *Williams* v. *Williams*, 245 Ark. 475, 432 S.W. 2d 830 (1968), where we held that the husband's share in the proceeds derived from a court-ordered sale of the homestead could not be subjected to the wife's judgment for delinquent child support. There, however, the wife argued only that the homestead exemption should not as a matter of policy be available against a judgment for child support. She did not argue that the court-ordered sale was voluntary rather than forced. Consequently that argument was waived. *Missouri Pac. R.R.* v. *Harding*, 188 Ark. 221, 65 S.W. 2d 20 (1933). Hence the decision is authority only for the rule specifically stated, that a homestead is exempt from a judgment for child support.

Affirmed.