HANSEN, Circuit Judge.
 

 Stanley Gerrald, a chapter 7 bankruptcy debtor, appeals the district court’s
 
 [1]
 
 decision affirming the bankruptcy court’s
 
 [2]
 
 decision denying Gerrald’s claim of a homestead exemption under Arkansas law. Both the bankruptcy court and the district court found that Gerrald was not entitled to the homestead exemption because he had abandoned his homestead prior to filing for bankruptcy. We affirm.
 

 I.
 

 Stanley Gerrald was married and lived with his wife in a house in Texarkana, Arkansas, until she filed for a divorce in April 1992. He was removed from the house after his wife obtained a restraining order against him during the divorce proceedings. He went to live with his mother.
 

 Gerrald neither sought representation for the divorce litigation nor attended any hearings. He claims that he reached an out-of-court “understanding” with his wife while the divorce was pending that she would remain in the home for ten months so she could finish nursing school, and after ten months the home would be sold and the proceeds divided equally between them. He asserts that he agreed to “keep her going in the house” (which he contends means to pay the mortgage for her) during the ten-month period. Gerrald expected this “understanding” to be reflected in the final divorce decree.
 

 The final divorce decree, however, did not reflect the alleged agreement. The decree provided, in relevant part, that his wife would keep the house until she remarried or vacated the property, at which time the home would be sold and the proceeds split equally between them. Until that time, they would each pay one-half of the monthly mortgage payment. Each party also had the right to buy out the other’s equity prior to the sale. Gerrald was unaware of the terms of the divorce decree until after it was entered.
 

 Gerrald eventually filed for bankruptcy under chapter 7 and claimed a homestead exemption in the Texarkana home. William Randall Wright, the chapter 7 trustee, objected to the exemption, arguing that Gerrald was no longer married or the head of a household at the time he claimed the exemption. The bankruptcy court sustained the trustee’s objection, finding that while the divorce itself did not destroy his homestead
 
 *654
 
 claim under Arkansas law, Gerrald’s testimony that he had been willing to sell the house and divide the proceeds demonstrated his intent to abandon the homestead. The bankruptcy court then denied the homestead exemption. The district court adopted the bankruptcy court’s findings and rationale and affirmed the bankruptcy court’s decision. Gerrald filed this appeal.
 

 II.
 

 The Bankruptcy Code allows debtors to claim property exemptions in bankruptcy. 11 U.S.C. § 522(b). Debtors may elect either the federal bankruptcy exemptions found under section 522(d) of the Bankruptcy Code or the applicable state law exemptions, unless the state opts out of the federal exemption scheme and allows the debtor only to use the state exemptions.
 
 See
 
 11 U.S.C. § 522(b). Arkansas did not opt out and authorizes debtors to elect either the bankruptcy exemptions or the Arkansas exemptions.
 
 Ark.Code Ann.
 
 § 16-66-217 (Michie Supp. 1993). Gerrald claimed the Arkansas exemptions and asserted the Arkansas homestead exemption which is found in Article 9, Section 3 of the Arkansas Constitution.
 

 The only issue presented in this case is whether, under Arkansas law, Gerrald abandoned his homestead interest during the divorce proceedings. The fact that Gerrald physically left the homestead is not enough to show abandonment.
 
 See Smith v. Flash TV Sales & Serv., Inc.,
 
 17 Ark.App. 185, 706 S.W.2d 184, 187 (1986) (“It is well settled that a removal from the homestead, where there is a fixed and abiding intention to return to it, will not constitute an abandonment of it as a homestead”) (quoting
 
 Caldcleugh v. Caldcleugh,
 
 158 Ark. 224, 250 S.W. 324, 326 (1923)). To abandon the homestead a party with a homestead interest must leave with the intention of never returning.
 
 Monroe v. Monroe,
 
 250 Ark. 434, 465 S.W.2d 347, 349-50 (1971) (quoting
 
 Butler v. Butler,
 
 176 Ark. 126, 2 S.W.2d 63 (1928)). The question of whether a debtor abandoned his or her homestead claim “is almost exclusively a question of intent.”
 
 Id.
 
 “Intention to abandon a homestead is an issue of fact....”
 
 Smith,
 
 706 S.W.2d at 187 (quoting
 
 Vesper v. Woolsey,
 
 231 Ark. 782, 332 S.W.2d 602, 604-05 (I960)) (alterations omitted). While the presumption is that the homestead continues until abandonment is clearly proven, the issue must be determined by the facts and circumstances of each case.
 
 See id.
 

 Both the bankruptcy court and the district court found that the facts of this case established an intent to abandon the homestead. In particular, they found that Gerrald’s testimony that he agreed to sell the property and split the proceeds indicates that he never intended to return to the property. These concurrent findings bring into play the “two-court rule” under which we “will not review concurrent findings of fact by two lower courts absent a ‘very obvious and exceptional showing of error.’ ”
 
 Judge v. Production Credit Ass’n of the Midlands,
 
 969 F.2d 699, 700 (8th Cir.1992) (quoting
 
 Graver Tank & Mfg. Co. v. Linde Air Prod. Co.,
 
 336 U.S. 271, 275, 69 S.Ct. 535, 538, 93 L.Ed. 672 (1949))
 
 [3]
 
 . We conclude that there is no “very obvious and exceptional showing of error” in this case. Gerrald’s admitted intention to sell the homestead provided the lower courts with a sufficient factual basis to find that Gerrald never intended to return to the property.
 
 [4]
 
 Thus, the bankruptcy and district
 
 *655
 
 courts’ findings that Gerrald intended to abandon the homestead must stand under the two-court rule.
 

 Gerrald argues that the bankruptcy court and district court erred as a matter of law by relying on his
 
 involuntary
 
 removal from the home under the restraining order to find abandonment. We disagree. Both the district court and the bankruptcy court explicitly relied on his
 
 voluntary
 
 agreement to sell the home, not the involuntary eviction. The district court specifically agreed with Gerrald that “involuntary expulsion from the residence does not constitute an abandonment of the homestead.” (Appellant’s Addend, at 2.) Hence, we find no merit in Gerrald’s contention that the lower courts relied on his involuntary removal from the house to find abandonment of his homestead interest.
 

 Accordingly, we affirm the judgment of the district court.
 

 [1]
 

 . The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.
 

 [2]
 

 . The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Western District of Arkansas.
 

 [3]
 

 .
 
 But see Wegner v. Grunewaldt,
 
 821 F.2d 1317, 1320 (8th Cir.1987) (as second court of review "we conduct an independent review of the bankruptcy court's judgment asking whether the bankruptcy court’s legal conclusions are correct and whether its factual findings are clearly erroneous”). If we were to apply that standard of review in this case, we would conclude that the bankruptcy court’s findings are not clearly erroneous.
 

 [4]
 

 . Our conclusion, and that of the lower courts, is further supported by Arkansas law if we look to the effect of the sale Gerrald proposed. While proceeds of an involuntary sale of the homestead would retain a homestead exemption if the debt- or intended to purchase a new homestead, the proceeds from a voluntary sale would not retain the homestead exemption.
 
 Obenshain v. Obenshain,
 
 252 Ark. 701, 480 S.W.2d 567, 568 (1972). Accordingly, the Supreme Court of Arkansas held that where a husband and wife voluntarily agree to sell the homestead in conjunction with a divorce proceeding, the proceeds of the sale are no longer exempt.
 
 Id.
 
 Given this authority, the voluntary sale of the homestead that Gerrald sought would have destroyed the homestead ex
 
 *655
 
 emption. Thus, our conclusion that he intended to abandon his homestead claim fully comports with Arkansas law.