**In re Dorothy M. KIMBALL, Debtor.**

**No. 00–71271.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Dec. 14, 2001.

---

Timothy M. Weaver, Batesville, Arkansas, for Debtor.

Ben T. Berry, trustee.

Kenneth W. Cowan, Fort Smith, Arkansas, for trustee.

James Cox, for creditor.

Charles W. Tucker, Little Rock, Arkansas, U.S. Trustee.

## ORDER DENYING IN PART AND GRANTING IN PART OBJECTIONS TO EXEMPTIONS

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court are objections to exemptions in real and personal property claimed by debtor Dorothy M. Kimball ("Debtor"). Objections to Debtor's claimed exemptions were filed by the chapter 7 trustee ("Trustee") on February 16, 2001, and by creditor Neva Witt ("Witt") on February 28, 2001. A hearing on the pending objections to exemptions was held on March 19, 2001, at which time the parties agreed to stipulate to the relevant facts and submit briefs regarding Debtor's entitlement to the claimed exemptions. On August 22, 2001, the Court entered an order stating that the Court would issue its ruling on Debtor's claimed exemptions only after the sale of certain real property in Franklin County, Arkansas, in which Debtor claimed a homestead exemption (the "subject real property"). On October 10, 2001, Trustee filed a report of sale, stating that the subject real property was sold on September 28, 2001, and Trustee received the sales proceeds on October 1, 2001. Accordingly, the Court issues the following ruling on Debtor's entitlement to exemptions. This is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(A) and (B), and the Court may make the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. Findings of Fact.

On November 14, 2000, Debtor filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. Debtor's schedules were filed contemporaneously with her petition. Debtor's schedule A, "Real Property," listed a one-half interest in the subject real property, described as a "house and 80 acres." Debtor's schedules listed the value of her one-half interest as $50,000.00 On Debtor's schedule C, "Property Claimed as Exempt," Debtor claimed an exemption in the subject real property in the amount of $48,800.00, pursuant to Arkansas Code Annotated section 16–66–218(a)(1). Debtor also claimed that various items of personal property were exempt pursuant to Arkansas Constitution Article 9, section 2. Debtor's schedule F, "Creditors Holding Unsecured Nonpriority Claims," lists Witt as an unsecured, nonpriority creditor with a claim of $8000.00.

On February 16, 2001, Trustee filed an objection to Debtor's claimed exemptions, arguing that Debtor is not entitled to claim exemptions under the Arkansas Constitution because she is neither married nor the head of a household. Trustee also argued that Debtor is not entitled to claim legislative exemptions as set forth in the Arkansas Code, as those exemptions have previously been declared unconstitutional by this Court in *In re Holt,* 84 B.R. 991 (Bankr.W.D.Ark.1988), *aff'd* 97 B.R. 997 (W.D.Ark.), *aff'd* 894 F.2d 1005 (8th Cir. 1990).

On February 26, 2001, Debtor was granted a discharge under 11 U.S.C. § 727.[1]

On February 28, 2001, Witt filed an objection to Debtor's claimed exemption. In her objection, Witt made the same arguments as Trustee; specifically, that Debtor is not entitled to claim exemptions under the Arkansas Constitution because she is neither married nor the head of a household, and that Debtor is not entitled to claim legislative exemptions as set forth in the Arkansas Code, as those exemptions were declared unconstitutional by this Court in *In re Holt.*

On March 19, 2001, the Court conducted a hearing on the pending objections to exemptions. At the hearing, the parties agreed to stipulate to the relevant facts in this matter and to submit briefs arguing their positions as to questions of law.

On May 4, 2001, Trustee filed a brief in support of his objection to exemptions. Also on May 4, 2001, Debtor filed amended schedules and a brief in support of her claimed homestead exemption. Debtor's amended schedule C, "Property Claimed as Exempt," claimed an exemption in the subject real property in the amount of $50,000.00 pursuant to Arkansas Constitution Article 9, sections 3, 4, and 5. Debtor also claimed an exemption on various items of personal property pursuant to Arkansas Constitution Article 9, section 2. Based on Debtor's amendment, the Court finds that Debtor no longer claims legislative exemptions as set forth in the Arkansas Code.

The parties filed their stipulations of fact on May 4, 2001, and the Court hereby adopts the following facts as set forth therein:

*Stipulation No. 1:* The Debtor, Dorothy M. Kimball, and her ex-husband, Robert L. Kimball, were married on August 3, 1979, separated on November 23, 1996, thereafter remained separate and apart, and were divorced on September 12, 2000 by Decree of the Chancery Court of Franklin County, Arkansas, Ozark District (case number 96–168). The Debtor's ex-husband, Robert L. Kimball, was the Plaintiff in the divorce and the Debtor was the Defendant. The only child of the parties' marriage, namely Kimberly Kimball (date of birth September 17, 1980), was above the age of majority and had graduated from high school and the Chancery Court issued no orders concerning support or maintenance of said child. A true and correct copy of the parties' Decree of Divorce is attached hereto as Exhibit A.

*Stipulation No. 2:* The Debtor and her ex-husband were divorced at the time the Debtor filed her Chapter 7 bankruptcy case in this Court on November 14, 2000.

*Stipulation No. 3:* Paragraph six (6) of the parties' Decree of Divorce provides as follows:

"That the Court finds that the parties are owners by tenancy in common of certain real property located at Route 1, Box 32, Combs, Franklin County, AR. the Court orders that ownership of said property should be and is hereby reduced to tenancy in common and the parties are given 14 days from May 9, 2000 to agree to list said real estate for sale at an agreed price within an agreed realtor. If the parties are unable to agree to said listing, or upon expiration of said initial listing, the property shall

---

**1.** It is a well-settled principle of law that a court may take judicial notice of its own orders and records in a case before the court. Fed.R.Evid. 201; *Elliott v. Papatones,* 143 F.3d 623, 624 (1st Cir.1998).

be sold at public auction pursuant to the terms set forth herein."

*Stipulation No. 4:* Paragraph seven (7) of the parties' Decree of Divorce provides as follows:

"The Court further finds that the parties own various items of personal property and finds that all items of personal property shall be sold by public auction with the parties to hire an auctioneer and pay the costs of that auction out of the proceeds from the sale of personal and real property. The parties are directed to attempt to agree on an auctioneer and if they are unable to so agree, the parties shall each submit two auctioneer's names to this Court and the Court shall elect one of the proposed auctioneers to handle said sale. The Court further orders and directs that all personal property to be sold pursuant to this Court's order be marshaled and sold at the marital residence at the time of the sale of said real property."

*Stipulation No. 5:* Paragraph eight (8) of the parties' Decree of Divorce provides as follows:

"The Court finds that all items of personal property shown on plaintiff's Exhibit No. 2 of May 9, 2000 and attached hereto as Exhibit A, to be in the possession of the defendant. Additionally, all items of personal property set forth on said exhibit shall be sold at the auction set forth hereinabove, less and except the following items which shall be the sole and separate property of the defendant:" (See items listed on page three (3) of the parties' Decree of Divorce attached hereto as Exhibit A.)

*Stipulation No. 6:* At the time the Debtor filed her Chapter 7 bankruptcy petition on November 14, 2000, she was not married and no dependent persons resided with her in her household.

*Stipulation No. 7:* Following the parties' divorce, the Debtor remained living, by herself, upon the real property which is referred in the parties' Decree of Divorce. She remained living there at the time she filed her bankruptcy petition herein, and continues to live there.

*Stipulation No. 8:* The real property owned by the parties and referred to in the parties' Decree of Divorce is described more particularly as follows:
The West half of the SE1/4 of Section 25, Township 13 North, Range 27 West, containing 80 acres more or less, in Franklin County, Arkansas

*Stipulation No. 9:* The Debtor and her ex-husband acquired the real property on an unknown date prior to the divorce.

*Stipulation No. 8:* On March 10, 2000, the Debtor and her then husband, Robert L. Kimball, signed a real estate listing Agreement with Highlands Realty agreeing to list the above-described real property (which is the subject of the objections to the Debtor's exemptions) for sale. No price was listed in such listing Agreement. The listing period of such Agreement was stated to begin on May 13, 2000 and to expire on August 13, 2000. A copy of such Agreement is attached hereto as Exhibit B.

*Stipulation No. 11:* On October 13, 2000, the Debtor signed another real estate listing Agreement regarding the above-described property (which is the subject of the objections to the Debtor's exemptions) for sale with Doc's Realty for $150,000.00. It appears that the Debtor's ex-husband did not sign such Agreement. A copy of such Agreement is attached hereto as Exhibit C.

*Stipulation No. 12:* As of the date of this Stipulation of Facts, the above-referenced and described real property has not been sold. The Debtor remains on

the real property and continues to claim it as her homestead.

*Stipulation No. 13:* The Debtor's monthly income, as listed in her bankruptcy schedules, in the sum of $630.00 from social security disability, presently remains the same.

*Stipulation No. 14:* The items of personal property listed in the Debtor's bankruptcy Schedule B are not listed in a specific manner which can be compared with the items of personal property listed in the parties' Decree of Divorce.

*Stipulation No. 15:* In her Schedule C filed herein, the Debtor asserts exemptions as follows: Household exemption under A.C.A. § 16–66–218(a); an automobile exemption under A.C.A. § 16–66–218(a)(2); and miscellaneous personal property exemption under Ark. Const. Art. 9, § 2.

On May 31, 2001, the Court entered an agreed "Order for Turnover of Personal Property" executed by counsel for Trustee, counsel for Witt, and counsel for Debtor. The parties agreed that it was in the best interest of all parties that the personal property Debtor had previously claimed to be exempt under Arkansas Constitution Article 9, section 2 be sold in connection with Trustee's administration of Debtor's bankruptcy estate. The May 31, 2001 Order provided that Trustee would liquidate the personal property, that Debtor's ex-husband would be entitled to receive a one-half share of the sale proceeds, and that the remaining one-half of the sale proceeds would be deemed non-exempt, provided that if Debtor was found to be entitled to claim exemptions under the Arkansas Constitution, Debtor would be entitled to retain the first $500.00 of her one-half share of the proceeds of the sale of the personal property.

On July 9, 2001, the Court conducted a hearing on the pending objections to exemptions, at which time the Court held that although Debtor may be entitled an exemption as to one-half of the sale proceeds of the subject real property, the Court was required to give full faith and credit to the decree of the Chancery Court of Franklin County, ordering that the subject real property be sold. Accordingly, the Court ordered that Trustee would be allowed sixty days to attempt to sell the subject real property through a private sale. If Trustee received an offer, he was to present the offer to the Court for approval. If Trustee did not receive an offer, the subject real property was to be sold at a public auction. The Court further ordered that Debtor would be allowed to continue to reside on the subject real property, provided that she make monthly rental payments to Trustee.

On August 20, 2001, Trustee filed a "Motion and Notice to Sell Property Free and Clear of Liens and Opportunity to Object." Trustee's motion stated that Trustee solicited bids on the subject real property, that Trustee received three bids, and that the highest bid was from Kenneth E. Christman and Mildred L. Christman in the sum of $130,000.00.

On August 22, 2001, the Court entered an "Order Regarding Objections to Exemptions Claimed by Debtor." The August 22, 2001 Order provided as follows:

Only after the real property is sold will the Court issue its ruling upon the issue of whether the Debtor is entitled to prevail on her claim of a homestead exemption; such exemption, if any, to attach only to the Debtor's pro-rata share of net proceeds of sale of the real property. The Debtor's ex-husband, Robert M. Kimball, shall be entitled to receive his one-half share of net sale proceeds subject to such rights as the

Trustee may have thereto with regard to compensation under the Bankruptcy Code. Upon sale of the property, the Trustee shall pay one-half of the net sale proceeds to Mr. Kimball and hold the other one-half of the net sale proceeds, pending further orders herein.

On September 12, 2001, the Court entered an "Order Approving Sale of Real Property Free and Clear of Liens." The September 12, 2001 Order related to Trustee's motion to sell the subject real property free and clear of liens, and found that the subject real property should be sold to Kenneth E. Christman and Mildred L. Christman for the sum of $130,000.00. The September 12, 2001 Order further provided that closing costs would be borne by Debtor's bankruptcy estate and that all funds remaining after the payment of closing costs would be paid to Trustee pending further order of the Court.

On October 10, 2001, Trustee filed his "Report of Sale," which stated the following with regard to the sale of the subject real property:

> pursuant to an order approving sale of real property free and clear of liens dated September 12, 2001, this Trustee did in fact proceed with the sale pursuant to said order of certain real property to Kenneth E. Christman and Mildred L. Christman for the sum of $130,000.00, free and clear of liens. This Trustee received the Debtor's one-half share of the proceeds of that sale in the sum of $64,104.14. A copy of the closing statement is attached hereto and made a part hereof, reflecting the deductions made as against the Debtor's proportionate share and as set out in the aforesaid order. The proceeds were received by this Trustee on or about the 1st day of October, 2001. The actual sale took place on September 28, 2001.

Based on Trustee's Report of Sale, which is uncontradicted, the Court finds that the subject real property was sold to Kenneth E. Christman and Mildred L. Christman on September 28, 2001, for $130,000.00, and that Debtor's one-half share of the proceeds, after deducting sales expenses, was $64,104.14.

**II.** *Issues before the Court and Positions of the Parties.*

Two issues remain in this case: (1) whether Debtor is entitled to claim exemptions in personal property under Arkansas Constitution Article 9, section 2 so as to be entitled to the first $500.00 of sale proceeds of personal property pursuant to the May 31, 2001 agreed Order, and (2) whether Debtor is entitled to claim a homestead exemption as to her one-half interest in the proceeds of the sale of the subject real property.

As to the first issue, Trustee and Witt take the position that Debtor is not entitled to claim an exemption in personal property under the Arkansas Constitution because she was not married or the head of a family as of the filing of her bankruptcy petition. Although Debtor's counsel did not brief the issue of personal property exemptions, the Court assumes that Debtor takes the position that her divorce from her husband did not destroy her right to an exemption in personal property under the Arkansas Constitution.

As to the homestead issue, Trustee and Witt take the position that Debtor abandoned her homestead interest in the subject real property by entering into agreements to list the subject real property for sale before the filing of the bankruptcy petition. Debtor takes the position that the real estate listing agreements did not constitute abandonment of her homestead interest under Arkansas law.

III. *Conclusions of Law.*

A. *Debtor's Right to an Exemption in Personal Property.*

■ Section 522(b)(2)(A) of the Bankruptcy Code allows Debtor to exempt from property of the estate any property exempt under state law as of the date of the bankruptcy petition. Debtor claims an exemption in personal property under Arkansas Constitution Article 9, section 2, which provides in relevant part:

The personal property of any resident of this State who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt....

Ark. Const. Art. 9, § 2.

The parties have stipulated that Debtor and her husband were no longer married as of the filing of Debtor's bankruptcy petition, and that Debtor and her husband had no minor children as of the filing of Debtor's bankruptcy petition. Therefore, the only question for the Court to determine whether Debtor's right to an exemption under Arkansas Constitution Article 9, section 2 survived the divorce of the parties. The Court has reviewed a number of Arkansas cases, discussed in more detail below in connection with Debtor's claimed homestead exemption, that hold that once a *homestead* attaches, it is not lost by subsequent divorce. However, the parties have not cited, and the Court has not found, any Arkansas cases analyzing whether an exemption in personal property under Arkansas Constitution Article 9, section 2 survives the divorce of the parties. Accordingly, the Court will apply the plain language of the Arkansas Constitution. Because Debtor was not married or

the head of a family at the time her bankruptcy petition was filed, she is not entitled to claim an exemption in personal property under Arkansas Constitution Article 9, section 2.

B. *Debtor's Right to a Homestead Exemption.*

■ As a bankruptcy court in this district has observed, "[s]ection 522(b)(2)(A) makes applicable the homestead exemptions found in article 9, section 3, of the Arkansas Constitution." *In re Jones,* 193 B.R. 503, 506 (Bankr.E.D.Ark. 1995). Article 9, section 3 of the Arkansas Constitution provides in relevant part as follows:

The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien or any judgment, or decree of any court, or to sale under execution or process thereon ...

Ark. Const. Art. 9 § 3. With regard to rural homesteads,[2] the Arkansas Constitution further provides that:

The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land ... and in no event shall the homestead be reduced to less than eighty acres, without regard to value.

Ark. Const. Art. 9 § 4. Homestead exemptions under the Arkansas Constitution are to be liberally construed in favor of the person asserting the provision. *Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113, 120 (2001); *Jones,* 193 B.R. at 506 (citing *Yadon v. Yadon,* 202 Ark. 634, 151 S.W.2d 969, 970 (1941); *City Nat'l Bank v. Johnson,* 192 Ark. 945, 96 S.W.2d 482, 484 (1936)). All presumptions are to be made

2. The parties do not dispute that the subject     real property is rural property.

in favor of the preservation of the homestead. *Id.* Once property becomes a homestead, there is a presumption that it continues to be a homestead "until its use as such has been shown to have been terminated." *Jones,* 193 B.R. at 506 (quoting *Johnson,* 96 S.W.2d at 484). Once a homestead has attached, it is not lost by subsequent divorce. *Middleton,* 344 Ark. at 581, 43 S.W.3d 113.

■ Trustee and Witt object to Debtor's claimed homestead exemption on the grounds that Debtor abandoned her homestead. As objecting parties to Debtors' claim of exemption, Trustee and Witt have the burden of establishing that Debtor abandoned her homestead. *Jones,* 193 B.R. at 506 (citing Fed. R. Bankr.P. 4003(c)). Under Arkansas law, the burden of proof would also be allocated to the parties objecting to the claimed homestead exemption. *Id.* (citing *Johnson,* 96 S.W.2d at 484).

■ Abandonment does not occur under Arkansas law as long as the owner of a homestead has "a fixed and unqualified intention to preserve [the property] as a homestead and to return to it." *Id.* (citing *Stewart v. Pritchard,* 101 Ark. 101, 141 S.W. 505, 505 (1911)). The question of whether abandonment has occurred is "almost, if not entirely a question of intent." *Id.* (citing *Johnson,* 96 S.W.2d at 484). The Arkansas Supreme Court has noted a presumption in favor of the homestead right until the objecting party has "clearly shown that it has been abandoned." *Id.* (citing *Vesper v. Woolsey,* 231 Ark. 782, 332 S.W.2d 602, 605 (1960)).

■ As the *Jones* court stated, "[b]ankruptcy exemptions are 'fixed on the date of filing' and 'only . . . the law and facts as they exist[ed] on the date of filing the petition' are to be considered." *Id.* (citing *Armstrong v. Peterson (In re Peterson),* 897 F.2d 935, 937 (8th Cir.1990)). Whether or not Debtor intended to abandon her homestead after the petition date is irrelevant, because "the critical date is the petition date." *Id.* In considering the abandonment issue, the Court must essentially wear blinders as to facts and circumstances that developed after November 14, 2001, the date Debtor filed her bankruptcy petition.

■ Trustee's and Witt's arguments that Debtor abandoned her homestead are based on the following stipulated facts: (1) Debtor and her former husband were divorced at the time she filed her bankruptcy petition on November 14, 2000; (2) the Decree of Divorce entered by the Chancery Court of Franklin County, Arkansas ordered the parties to sell the subject real property; (3) on March 10, 2000, Debtor and her former husband signed a real estate listing agreement pertaining to the subject real property; and (4) on October 13, 2000, Debtor signed another real estate listing agreement pertaining to the subject real property.

Trustee cites *Obenshain v. Obenshain,* 252 Ark. 701, 480 S.W.2d 567 (1972), for the proposition that where a husband and wife voluntarily agree to sell the homestead in conjunction with a divorce proceeding, the proceeds of the sale are no longer exempt. In addition, Trustee cites *In re Gerrald,* 57 F.3d 652 (8th Cir.1995), for the proposition that an intention to abandon homestead may be found based upon an agreement to sell the property and split the proceeds. Finally, Trustee cites *Griffin v. Dunn,* 79 Ark. 408, 96 S.W. 190 (1906), for the proposition that an attempt to sell may constitute an abandonment.

The Court concludes that the facts before it are insufficient to establish that Debtor's homestead interest in the subject real property had been abandoned as of

the filing date of her bankruptcy petition. The Court has reviewed *Obenshain, Gerrald,* and *Griffin,* and finds that those cases are fundamentally distinguishable from the case at bar.

With regard to *Obenshain,* the actual language of the Arkansas Supreme Court is as follows: "[w]hen the owner of a homestead voluntarily sells the property, the proceeds of sale are not exempt." *Obenshain,* 480 S.W.2d at 568. The *Obenshain* holding presumes that the sale of the homestead property has occurred at the time the objection to the claimed homestead is raised. In this case, the sale of the homestead did not occur until September 28, 2001, well after the November 14, 2000 filing date of Debtors' bankruptcy petition. Because Debtor had not sold her homestead as of the filing date of her petition, the *Obenshain* holding is not applicable to the facts of this case. *Griffin* is distinguishable from this case for the same reason: the wife in *Griffin* sold the homestead property before her homestead rights were placed in issue. *Griffin,* 96 S.W. at 191.

The Court also concludes that *Gerrald* is not controlling under the facts of this case. In *Gerrald,* the debtor physically abandoned his homestead before filing his bankruptcy petition. *Gerrald,* 57 F.3d at 652. The Eighth Circuit, on appeal from the district court's review of the bankruptcy court's initial decision, held that the debtor's physical abandonment alone was insufficient to show abandonment of his homestead interest under Arkansas law. *Id.* Rather, the court held that "to abandon the homestead a party with a homestead interest must leave with the intention of never returning." *Id.* Thus, the sole question before the *Gerrald* court was whether there was sufficient evidence to establish that debtor had "the intention of never returning" to his previously abandoned

homestead. The Eighth Circuit, applying the "two-court rule," under which the Eighth Circuit will not review concurrent findings of fact by two lower courts "absent a 'very obvious and exceptional showing of error,'" affirmed the findings of the bankruptcy court and the district court that debtor's testimony that he agreed to sell the property and split the proceeds indicated that he never intended to return to the property. *Id.* at 654–55. Conversely, in the case at bar, Debtor had not physically abandoned the homestead property as of the November 14, 2000 filing date of her petition. While *Gerrald* may stand for the proposition that physical abandonment coupled with a stated intent to sell constitutes abandonment of one's homestead interest under Arkansas law, it does not stand for the proposition that the mere intent to sell at some point in the future constitutes abandonment of one's homestead under Arkansas law. Consequently, the *Gerrald* holding is not controlling authority under the facts of this case.

The parties have not cited, and the Court has not found, any Arkansas or Eighth Circuit cases with facts directly analogous to the facts of this case. However, the Court finds the decision of the *Jones* court persuasive in this case. In *Jones,* the debtor was not residing in the homestead property on the date his petition was filed. *Jones,* 193 B.R. at 507. As in this case "[t]he objecting creditors place[d] much emphasis on the fact that the debtor was negotiating a sale of the homestead before and after the petition date." *Id.* The Court agrees with the holding of the *Jones* court that those "negotiations indicate[d] an intent to abandon the homestead in the future, when a sale occurre[d]." *Id.* (citing *Bernstein v. Held (In re Bernstein),* 62 B.R. 545, 546 (Bankr. D.Vt.1986)). The Court also agrees with the *Bernstein* court that "intention to sell, in the future, without more, cannot estab-

lish a present abandonment of [a] homestead." *Bernstein*, 62 B.R. at 546.

In this case, the parties have stipulated that Debtor was residing on the subject real property when her bankruptcy petition was filed. The Court concludes that the listing agreements entered into by Debtor merely indicate an intent to abandon her homestead in the future, when the subject real property was sold. Consequently, Trustee and Witt have failed to meet their burden to establish that Debtor had abandoned her homestead interest in the subject real property on the date her bankruptcy petition was filed. Debtor is entitled to claim a homestead exemption in her one-half share of the sale proceeds of the subject real property, in the amount of $64,104.14, pursuant to Article 9, sections 3 and 4 of the Arkansas Constitution.

### IV. *Conclusion*

Based on the foregoing findings of fact and conclusions of law, Debtor is not entitled to claim an exemption of $500 in personal property pursuant to Arkansas Constitution Article 9, section 2. Trustee's and Witt's objections to personal property exemptions claimed by Debtor is hereby SUSTAINED.

Debtor is entitled to claim an exemption in her one-half share of the sale proceeds of the subject real property in the amount of $64,104.14 pursuant to Article 9, sections 3 and 4 of the Arkansas Constitution. Trustee's and Witt's objections to Debtor's claimed homestead exemption are hereby DENIED.

IT IS SO ORDERED